# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| TINNUS ENTERPRISES, LLC and ZURU LTD., <br><br> Plaintiffs, <br><br> v. <br><br> TELEBRANDS CORP., <br><br> Defendant. | Case No. 6:16-CV-00033-RWS-JDL <br> (Lead Case) |
| TINNUS ENTERPRISES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES INC., et al. <br><br> Defendants. | Case No. 6:16-CV-00034-RWS-JDL <br> *(Consolidated with Lead Case 6:16-CV-00033-RWS-JDL)* |

**DEFENDANTS' MOTION TO STAY PENDING
COMPLETION OF POST-GRANT REVIEW PROCEEDINGS**

On December 30, 2016, the Patent Trial and Appeal Board of the USPTO ("Board") determined that all claims of the '066 patent are invalid. On February 21, 2017, the Board instituted post-grant reviews ("PGR") of the '749 and '282 patents, finding that all claims are more likely than not invalid. As such, Defendants Telebrands Corp. ("Telebrands") and Bed Bath & Beyond Inc., Fry's Electronics, Kohl's Department Stores, Sears Holdings Corporation, The Kroger Co., Toys "R" Us-Delaware, Inc., and Walgreens Boots Alliance, Inc. ("Retailer Defendants") respectfully request that the Court stay all claims and counterclaims in this consolidated action related to the '749 and '282 patents pending completion of the Board's PGR proceedings so as not to waste judicial resources and the resources of the parties litigating patents that have been declared invalid or likely invalid by the Board.[1]

## BACKGROUND

The '066 patent issued on June 9, 2015. That same day, Plaintiffs filed its first action against Telebrands—*Tinnus Enterprises, LLC, et al. v. Telebrands Corp., et al.*, No. 6:15-cv-551-RC-JDL (E.D. Tex.) ("*Tinnus I*"). Less than two weeks later, on June 22, 2015, Telebrands filed a petition for post-grant review in the USPTO before the Board. (Dkt. Nos. 29-9 to 29-26.) On January 4, 2016, the Board issued a decision granting Telebrands' petition for post-grant review and instituting trial, finding that all claims of the '066 patent were more likely than not unpatentable. (Dkt. No. 104-2.) On December 30, 2016, the Board issued its final written decision ("PGR Final Decision"), concluding that "Petitioner has demonstrated by a preponderance of evidence that [all] claims . . . of the '066 Patent are unpatentable" as indefinite. (Dkt. No. 210-1, p. 3.) Telebrands

---

[1] Separately, the Retailer Defendants are concurrently moving to sever and stay all claims with respect to the '066 patent pending appeal of the Board's final written decision, just as the Court did in *Tinnus I*. *See Tinnus Enterprises, LLC, et al. v. Telebrands Corp., et al.*, No. 6:16-cv-551-RC-JDL, 2017 WL 379471 (E.D. Tex. Jan. 24, 2017).

filed an emergency motion to stay the *Tinnus I* civil action pending appeal of the Board's final written decision, which Chief Judge Clark granted on January 24, 2017.  *Tinnus Enterprises, LLC, et al. v. Telebrands Corp., et al.*, No. 6:16-cv-551-RC-JDL, 2017 WL 379471 (E.D. Tex. Jan. 24, 2017).  The *Tinnus I* case, which involves only a claim of infringement of the '066 patent against Telebrands, is now stayed pending appeal.

The '749 patent issued on January 26, 2016.  On that day, Plaintiffs filed two new lawsuits in this Court: one action against Telebrands, Civil Action No. 6:16-CV-00033-RWS-JDL ("*Tinnus II*"), and a second action against Walmart, 6:16-CV-00034-RWS-JDL ("the *Retailer Action*").  In these actions, Plaintiffs accused Telebrands of infringing the '749 patent, and accused Walmart of infringing the '066 patent and the '749 patent.  The '282 patent issued on April 19, 2016, and Plaintiffs amended the Complaints in *Tinnus II* and the *Retailer Action* to assert the '282 patent and to add additional Retailer defendants to the *Retailer Action*.  The *Retailer Action* also involves the now invalidated '066 patent.

Less than four months after Plaintiffs filed their amended Complaints, Telebrands filed petitions for post-grant review before the Board for each of the '749 patent and the '282 patent, on August 8, 2016 and August 12, 2016, respectively.  On February 21, 2017, in separate decisions, the Board instituted post-grant review of each of the '749 patent and the '282 patent. (Dkt. Nos. 233-1, 234-1.)  With respect to the '749 patent, the Board "determine[d] that Petitioner has established that it . . . more likely than not . . . will prevail under 35 U.S.C. § 103 on its challenges to claim 1 as obvious over the combination of Cooper, Saggio, and Donaldson, and to claim 1 as obvious over the combination of Saggio and Donaldson."  (Dkt. No. 233-1, p. 34.)  In addition, with respect to the '282 patent, the Board "determine[d] that Petitioner has established that it is more likely than not of prevailing under 35 U.S.C. § 103 that claims 1-3 would have been obvious

2

over the combination of Cooper, Saggio, and Donaldson. Petitioner also has established that it is more likely than not that it will prevail on its challenge, under 35 U.S.C. § 112(b), to claims 1-3 as unpatentable for indefiniteness." (Dkt. No. 234-1, p. 38.)

### A. Procedural Posture Of This Action

The only patents at issue in *Tinnus II* are the '749 and '282 patents. In addition, the only patents at issue in the *Retailer Action* are the '749 patent, the '282 patent, and the '066 patent. Fact discovery closes on April 17, 2017. The parties are currently working together on search terms for email discovery. No depositions have been noticed or taken yet. Trial is scheduled for November 13, 2017. (Dkt. No. 119.) As such, very significant expenses and numerous deadlines loom as the parties have yet to complete both fact and expert discovery, prepare expert reports, file dispositive motions, and prepare for trial.

In an effort to conserve judicial resources and avoid unnecessary litigation should the Board determine that the '749 patent and the '282 patent are invalid, just as it did with the '066 patent, Defendants request that the Court stay all claims and counterclaims in this consolidated action related to the '749 patent and the '282 patent pending completion of the respective PGR proceedings.

### LEGAL STANDARD

The district court has the inherent power to stay proceedings. *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983). "A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'" *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *1 (E.D. Tex. March 11, 2015) (Bryson, J.) (quoting *Evolutionary Intelligence, LLC v. Millennial Media, Inc.,* No. 5:13-cv-4206,

3

2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014)). When deciding whether to grant a stay, courts typically consider three factors: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech.*, 2015 WL 1069111, at *2.

Additionally, with respect to post-grant review proceedings before the Board, courts, including courts in this Judicial District, also consider the following four factors set forth in Leahy–Smith America Invents Act, Pub.L. No. 112-29, § 18(b)(1), 125 Stat. 284, 331 (2011) ("the AIA"), which "largely overlap" with the three factors traditionally considered: (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; (B) whether discovery is complete and whether a trial date has been set; (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court. *NFC Tech.*, 2015 WL 1069111, at *2.

## ARGUMENT

### I. A Stay Should Be Granted

"[A]fter the PTAB has instituted review proceedings, the parallel district court litigation ordinarily should be stayed." *Id.* at *6. This is because the post-grant review "process was designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation." *Id.* at *4. There are three patents-in-suit in this consolidated action—one has already been declared unpatentable by the Board, while the other two have been declared

more likely than not invalid. Accordingly, a stay here would undeniably avoid an unnecessary trial on patents whose validity has already been called into question by the expert agency.

1. *Plaintiffs Will Not Be Unduly Prejudiced By A Stay In This Action*

"[W]hether the patentee will be *unduly prejudiced* by a stay . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (emphasis in original). While "vindication of patent rights" is an interest "entitled to weight," it is "present in every case where a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *NFC Tech.*, 2015 WL 1069111, at *2. As such, "[i]n order to demonstrate undue prejudice or tactical disadvantage, a party might present some unusual circumstance, some evidence that would likely go missing, or some advocate or witness who will no longer be unavailable, should this case proceed to trial in the future." *Tinnus Enterprises*, 2017 WL 379471, at *3. Here, no such factors exist. Indeed, Plaintiffs did not provide any evidence of these factors in opposition to the motion to stay *Tinnus I* pending appeal of the Board's final written decision invalidating the '066 patent. (*Tinnus I,* Dkt. No. 305.) Rather, their only argument against a stay was that Plaintiffs and Defendants are direct competitors.

This argument fails for two reasons. First, both Telebrands and the Retailer Defendants are preliminarily enjoined from distributing Battle Balloons and any colorable variations of it. (Dkt. No. 159, p. 4; Dkt. No. 237, pps. 4-5.) In *Tinnus I*, this Court found that the existing preliminary injunction counteracted Plaintiffs' speculative claims of prejudice. *See Tinnus Enterprises*, 2017 WL 379471, at *3.[2]

---

[2] With respect to any new competitive product introduced by Telebrands, e.g. Easy Einstein Balloons, if Plaintiffs believes that product infringes any of their patents, they can file a new action accusing that product of infringement.

5

Second, a stay will conserve Plaintiffs' resources. Trial is not scheduled until November 2017—well after the summer season when the vast majority of all sales are made. Because both the PTAB decision and a decision on Telebrands' appeal of the preliminary injunction in this case are expected within a few months after that date, if the Board determines that the '749 and '282 patents are invalid, a stay will save Plaintiffs significant time and money in litigating claims of three invalid patents. Conversely, if Plaintiffs succeed before the Board, "a stay will not diminish the monetary damages to which [Plaintiffs] will be entitled if [they] succeed on [their] infringement suit." *VirtualAgility*, 759 F.3d at 1318. The lack of prejudice to Plaintiffs weighs in favor of a stay.

### 2. *A Stay Will Simplify This Case*

A stay of this action pending the conclusion of the '749 patent and '282 patent PGR proceedings will undoubtedly simplify this case. An institution decision "means that there is a substantial likelihood of simplification of the district court litigation." *NFC Tech.*, 2015 WL 1069111, at *4. The likelihood of substantial simplification is even higher here, where the Board has issued institution decisions declaring that all claims of the '749 patent and the '282 patent are more likely than not invalid. *Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) ("A determination from the PTAB [in a CBM proceeding] that all the asserted claims are patent ineligible will spare the parties and the district court the expense of any further litigation, including a trial."); *Tinnus Enterprises*, 2017 WL 379471, at *2 ("The simplification factor weighs more strongly in favor of a stay when *all* of the litigated claims are undergoing [administrative review]" (internal citation and quotation omitted)). Because the Board's institution decisions call into question the validity of all claims of each of the '749 patent and the '282 patent, the Board's

final written decisions could moot all of Plaintiffs' infringement claims with respect to these patents. Accordingly, this factor strongly weighs in favor of a stay.

### 3. *The Procedural Stage Of This Action Weighs In Favor Of A Stay*

While this case was filed over a year ago, it is still in its infancy. Fact and expert discovery have not yet been completed. Indeed, no depositions have been noticed or taken in connection with this consolidated action. The deadline to file dispositive motions is four months away, and trial is still nine months away. A stay now will permit the Court and the parties to avoid all of these very time-consuming activities that accompany and lead-up to trial. This factor favors a stay. *See Tinnus Enterprises*, 2017 WL 379471, at *3 ("Even if this court were to forge on and force the parties to expend resources trying the case, the likelihood that all will be wasted if the PTAB decision is affirmed weighs heavily in favor of a stay."); *Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, 138 F. Supp. 3d 1032, 1038 (E.D. Wis. 2015) (finding the fact that trial had not yet been conducted weighed in favor of granting a stay). Indeed, the Federal Circuit has held it to be abuse of discretion not to grant a stay following PTAB institution decisions before trial, where the institution decisions covered all asserted claims and the trial was expected to be complex and involve foreign witnesses. *Smartflash*, 621 F. App'x at 1005. Here, like in *Smartflash*, the institution decisions cover all asserted claims, and the trial will likely involve foreign witnesses of Zuru who reside in China and/or New Zealand. Accordingly, the Court should stay this action.

## II. In The Alternative, This Court Should Amend The Docket Control Order So That The Date Of The Trials Falls After The Board Renders Its Final Decision On The PGRs

Although Defendants believe that this matter should be stayed pending a final decision by the Board, in the event this Court does not stay this case, the Court should at minimum amend the Docket Control Order so that the date of the trials falls after the Board renders its final decision on

the PGRs.  As noted above, on February 21, 2017, the Board instituted post-grant review of both the '749 patent and the '282 patent.  (Dkt. Nos. 233-1, 234-1.)  PTO regulations provide that the Board's final decision on the PGRs should be rendered no longer than one year from the institution of the PGRs, in this instance February 21, 2018.  *See* 37 C.F.R. § 42.100(c).

If trial commences on November 13, 2017, it is entirely possible that a jury will render a verdict upon the infringement of two patents that are invalidated by the Board a few months later.  All of the resources expended on discovery and the two trials, including the time of the jurors, will have been for nothing.

Although staying this matter is the best method to preserve the resources of the parties and this Court, if this Court believes that the matter should not be stayed, the Court should at least move the trial date until after February 21, 2018 to allow the Board to render its final decisions.[3]  Defendants respectfully recommend that the trial date be extended by five months, from November 13, 2017 until April 13, 2018.  This extension will allow the Board enough time to render final decisions on the PGRs and similarly allow the parties enough time to file motions with this Court as a result of those decisions.  Extending the trial date allows the parties to continue progressing in both the discovery and pre-trial processes while also avoiding the specter of conducting trials whose central underpinnings are vitiated mere months after a jury renders its verdict.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court stay all claims and counterclaims related to the '749 patent and the '282 patent in this consolidated action pending completion of the PGR proceedings before the Board with respect to these patents.

---

[3]  The PGR trial date is set for November 16, 2017, which directly conflicts with the trial dates in both of these actions.  This is an additional reason to move the trial dates in this action.

8

Dated: March 2, 2017

By: /s/ *Lance Lee*

    Gregory Love
    Texas Bar No. 24013060
    greg@lovetrialfirm.com
    107 E. Main Street
    Henderson, TX 75652
    Tel: (903) 212-4444

D. Michael Underhill
munderhill@bsfllp.com
Amy L. Neuhardt (admitted *pro hac vice*)
aneuhardt@bsfllp.com
Eric J. Maurer
emaurer@bsfllp.com
Stacey Grigsby (admitted *pro hac vice*)
sgrigsby@bsfllp.com
William Bloom (admitted *pro hac vice*)
wbloom@BSFLLP.com
Joseph Alm
jalm@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
1401 New York Avenue NW
Washington, DC 20005
Tel.: (202) 237-2727
Fax: (202) 237-6131

*Attorneys for Defendant Telebrands Corp.*

Lance Lee
Texas Bar No. 24004762
wlancelee@gmail.com
5511 Plaza Drive
Texarkana, TX 75503
Tel: (903) 223-0276

Robert T. Maldonado (admitted *pro hac vice)*
Rmaldonado@cooperdunham.com
Elana B. Araj (*admitted pro hac vice*)
earaj@cooperdunham.com
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: 212-278-0400

*Attorneys for all Defendants*

9

## CERTIFICATE OF CONFERENCE

Pursuant to Local Court Rule CV-7(h), counsel for Defendants conferred with counsel for Plaintiffs on February 24, 2017, February 27, 2017, and March 2, 2017 via telephone and/or email. Plaintiffs have not yet determined whether or not they oppose this motion. In the meantime, because of the time sensitive nature of this motion, Defendants have elected to file this motion to stay.

/s/<u>Lance Lee</u>
Lance Lee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on March 2, 2017.

/s/<u>Lance Lee</u>
Lance Lee