IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **TINNUS ENTERPRISES, LLC, ZURU LTD.,** § § § § **Plaintiffs,** § § **v.** § § **TELEBRANDS CORPORATION,** § § § **Defendant.** § | CIVIL ACTION NO.  6:16-CV-00033-RWS |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants'[1] Motion to Stay Pending Post-Grant Review (Doc. No. 239). Plaintiffs Tinnus Enterprises LLC and ZURU Ltd. ("Plaintiffs") filed a response (Doc. No. 249), to which Defendants filed a reply (Doc. No. 254), and Plaintiffs filed a sur-reply (Doc. No. 257). Having considered the parties' arguments, and for the reasons set forth below, Defendants' Motion to Stay (Doc. No. 239) is **DENIED**.

## BACKGROUND

On January 26, 2016, Plaintiffs filed the instant action against Telebrands, alleging infringement of U.S. Patent No. 9,242,749 ("the '749 Patent"). (Doc. No. 1.) On April 19, 2016, Plaintiffs amended their complaint to add allegations of infringement of U.S. Patent No. 9,315,282 ("the '282 Patent") and added Defendants Bed Bath & Beyond Inc., Fry's Electronics, Kohl's Department Stores Inc., Sears Holding Corporation, The Kroger Company, Toys "R" Us-Delaware, Inc., Walgreens Boots Alliance, Inc. to this action. (Doc. No. 3.) Both the '749 and

---

[1] Moving Defendants are Telebrands Corporation ("Telebrands") and Bed Bath & Beyond Inc., Fry's Electronics, Kohl's Department Stores Inc., Sears Holding Corporation, The Kroger Company, Toys "R" Us-Delaware, Inc., and Walgreens Boots Alliance, Inc. (collectively "Retailers").

1

'282 Patents (collectively "patents-in-suit") are continuations of U.S. Patent No. 9,051,066 ("the '066 Patent"), for which this Court has already entered an injunction against Telebrands. (Doc. No. 91 in Case No. 6:15-cv-551.)[2] Plaintiffs asserted the '066 Patent against only the Retailers in this action. The '066 Patent was found invalid on a final written decision by the Patent Trial and Appeal Board ("PTAB"), and the related case against Telebrands was stayed. *See* Case No. 6:15-cv-551, Doc. No. 308. Accordingly, on an unopposed motion, the Court severed and stayed the claims on the '066 from this action. (Doc. No. 256.) Thus, the only remaining patents-in-suit are the '749 and '282 Patents. The Court issued an injunction as to the '749 and '282 Patents against Telebrands on October 31, 2016. (Doc. No. 159.) Thereafter, the Court also entered an injunction on the '749 and '282 Patents against the Retailers. (Doc. No. 224.)

On August 8, 2016 and August 12, 2016, Telebrands filed its petition for Post-Grant Review ("PGR") as to the '749 and '282 Patents, respectively, seeking cancellation of multiple claims pursuant to 35 U.S.C. § 321. The PTAB instituted review as to the '749 and '282 Patents on February 21, 2017. (Doc. Nos. 233-1, 234-1.) Specifically, the PTAB instituted on claim 1 of the '749 Patent under 35 U.S.C. § 103, and on claims 1–3 of the '282 Patent under 35 U.S.C. § 103 and §112(b). *Id.* The PTAB must issue a final written decision on the PGRs by February 21, 2018, within one year of the date the petition was instituted.[3] 35 U.S.C. § 326(a)(11). Jury selection and trial in this matter is set for November 13, 2017. (Doc. No. 244.) Defendants filed the instant motion on March 2, 2017. (Doc. No. 239.)

---

[2] On January 24, 2017, the Federal Circuit affirmed the Court's injunction on the '066 Patent. *See Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 16-1410 2017 WL 344324 (Fed. Cir. Jan. 24, 2017).
[3] However, pursuant to 35 U.S.C. § 326(a)(11), the PTAB could extend the one-year deadline by six months for good cause.

## LEGAL STANDARD

"Courts have the inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion" of a PTO administrative proceeding. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). The party seeking a stay bears the burden of showing that such a course is appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). A stay pending an administrative proceeding is not automatic; rather, it must be based upon the circumstances of the individual case before the court. *See, e.g., Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 755 (E.D. Tex. 2006). While the case law states several general considerations that are helpful in determining whether to order a stay, ultimately the Court must decide stay requests on a case-by-case basis. *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. 06–cv–04206–WHA, 2007 WL 1052883, at * 1 (N.D. Cal. Apr. 5, 2007) ("From a case management perspective, the possible benefits must be weighed in each instance against the possible drawbacks.").

Though a stay is never required, it may be "particularly justified where the outcome of the [administrative proceeding] would be likely to assist the court in determining patent validity and, if the claims were canceled in the [administrative proceeding], would eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). Indeed, "an auxiliary function [of the proceeding] is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration." *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985). Nevertheless, there is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule "would invite parties to unilaterally derail litigation." *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex.

2005); *see also Comcast*, 2007 WL 1052883, at *1 ("If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner."). In deciding whether to stay a given action, courts frequently consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Soverain*, 356 F. Supp. 2d at 662.

## DISCUSSION

The Court has inherent discretion in deciding whether to grant a stay in patent litigation pending PGR. *See Ethicon*, 849 F.2d at 1426–27. A final decision is made with "an eye toward maintaining an even balance between the competing interests of the parties at issue." *TruePosition, Inc. v. Polaris Wireless, Inc.*, No. 12-646, 2013 WL 5701529, at *2 (D. Del. Oct. 21, 2013) (citing *SoftView LLC v. Apple, Inc.,* No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, at *6–7 (D. Del. July 26, 2012).

### I.     Undue Prejudice to Plaintiffs

Defendants contend that Plaintiffs will experience no prejudice because a preliminary injunction is already in place and a stay will conserve resources. (Doc. No. 239, at 5–6.) Plaintiffs argue that they will experience prejudice from the delay of this action because the parties are direct competitors and a stay could delay a final verdict for up to three years. (Doc. No. 249.) Plaintiffs argue that the preliminary injunction does not cure any prejudice because Defendants have launched a new product, Easy Einstein Balloons, and Plaintiffs continue to lose sales, market share, and ability to build retail connections. *Id.* at 10–11. Additionally, Plaintiffs

argue that a significant delay imposed by a stay would diminish critical evidence such as copying, consumer confusion, and loss of good will. *Id.* at 10.

Plaintiffs have an interest in the timely and cost effective enforcement of their patent rights. *Ambato Media, LLC v. Clarion Co., Ltd,* No. 2:09-cv-242, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012); *Voltstar Technologies, Inc. v. Superior Commc'ns, Inc.,* No. 2:12-cv-00082, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013). Presently, trial is set for November 13, 2017. A final written decision would not issue until February 21, 2018, at the earliest. 35 U.S.C. § 326(a)(11). Further, because these deadlines could be extended by six months for good cause, a stay could delay this case well beyond the scheduled trial date of November 13, 2017. The delay could be further exacerbated if Defendants invoke their right to appeal the PTAB's decision to the Federal Circuit. 35 U.S.C. § 141(c).

This lengthy delay will result in undue prejudice to Plaintiffs, as the parties are direct competitors competing in a two-player market. Moreover, the injunction does not abate the prejudice because Defendants have recently launched a new iteration of their alleged-infringing product, Easy Einstein Balloons, for which Plaintiffs have recently sought an injunction. (6:17-cv-170, Doc. No. 41.) These products are not subject to the Court's injunctions and are currently on the market or re-entering the market for the summer selling season while the Court considers whether to issue an injunction. As such, a stay of this action, which involves some of the same patents and products, would unduly prejudice Plaintiffs at the start of the summer selling season—a market that Plaintiffs have not yet seen without the presence of Defendants' allegedly infringing products. As such, this factor weighs against a stay.

## II.     Simplification of the Issues

Defendants argue that because the PTAB has instituted review on all of the claims of all of the patents-in-suit, a stay would simplify the issues. (Doc. No. 239, at 6.)  Plaintiffs argue that it is not a foregone conclusion that any of the claims of the patents-in-suit will be invalidated by the PTAB. (Doc. No. 249, at 11.) Plaintiffs argue that before a final written decision, one can only speculate as to whether the PTAB's review will simplify the issues. *Id.* at 12. Further, Plaintiffs argue that trying this case to a final verdict before a final written decision would provide a full record of the Court's rulings on validity thereby actually simplifying the issues in the case. *Id.* at 13.

Given that PGRs have been instituted on all of the asserted claims, it is possible that the PTAB could find each of these claims invalid, resolving the relevant issues.  *See, e.g., SSL Servs., LLC v. Cisco Sys., Inc.*, Case No. 2:15-cv-0433, 2016 WL 3523871, at *3 (E.D. Tex. June 28, 2016) ("When IPR[s are] instituted on all asserted claims and when all defendants are bound by the estoppel provisions of 35 U.S.C. § 315, this factor generally favors a stay.")  On the other hand, to the extent the PTAB does not cancel all of the claims of the patents-in-suit, this case would have to be reset for trial when the last final decision is rendered, approximately twelve to eighteen months from now. For this reason, the Court agrees that this consideration is speculative at this point. *See Chrimar Systems Inc., et al., v. ADTRAN, Inc., et al.*, No. 6:15-cv-618-JRG-JDL (Doc. No. 723), at 5 (E.D. Tex. Dec. 9, 2016) (finding "the possibility of canceling all of the claims of the asserted patents is merely speculative"). On one hand, the possibility of simplification exists, but on the other, a significant delay would complicate the procedures of this case for both the Court and the parties. *See id*. (noting the practical difficulties of resetting a trial date after significant delay, the undertaking of re-familiarization with the issues of the case, and

the necessity to determine the scope of what was decided by the PTAB, and how, if at all, that information should be presented to the jury).

Moreover, in the instant case, the Court has actually already considered the issues before the PTAB and reached (or preliminarily reached) opposite conclusions. For example, this Court considered Cooper, Saggio, and Donaldson and found Telebrands has failed to raise a substantial question concerning the validity of the '282 and '749 Patents as obvious. *See, e.g.*, Doc. No. 99, at 15–23; Doc. No. 142, at 6–7. In addition, this Court completed full claim construction proceedings where it found the terms of the '282 Patent were not indefinite. (Doc. Nos. 201, 202, 225, 226.) The Court reached these decisions prior to the PTAB having reached institution decisions. While different standards may have been applied between the district court and the PTAB, the Court applied the standards that govern its proceedings and reached its conclusion prior to the PTAB. Given the posture of this case, the Court cannot find this factor weighs in favor of a stay.

### III.   Status of the Case

Defendants argue that a stay is warranted because this case is in its infancy and fact and expert discovery has not yet been completed. (Doc. No. 239, at 7.)  Plaintiffs argue that the advanced stage of this case does not favor a stay. (Doc. No. 249, at 14.) Plaintiffs point out that the Court has already issued two preliminary injunctions in this matter, claim construction has occurred, and trial is set for November 13, 2017. *Id.* at 14. In addition, Plaintiffs point out that the parties have agreed to use the discovery from the prior action, 6:15-cv-551, in this action and, therefore, fact and expert discovery is substantially complete. *Id.*

Here, from the filing of this action, there was a four-month delay until the filing of the PGR petitions, and institution decisions were not made until February 21, 2017. At that point,

7

this case had undergone significant proceedings, including two preliminary injunctions, and the completion of claim construction. The parties had agreed to streamline the completion of discovery, and the Court had already resolved several discovery motions. The Court finds that the advanced stage of these proceedings at the time the motion to stay was filed weighs against a stay.

The Court recognizes that in many cases, a stay in view of an instituted PGR is warranted and a stay is appropriate in those instances. In many of those instances, the issues will be greatly simplified and it is appropriate to litigate before the PTAB instead of the district court. However, it is also true that the progression of a case before the district court is so significant that it is appropriate for the case to proceed before the district court. The Court also acknowledges that "since the circuit court's decision in *VirtualAgility*, courts have been nearly uniform in granting motions to stay proceedings in the trial court after the PTAB has instituted *inter partes* review proceedings." *NFC Tech. LLC v. HTC America, Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, *6 (E.D. Tex. Mar. 11, 2015) (collecting cases and citing *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307 (Fed. Cir. 2014)). However, if the PTAB's institution of PGRs created a *per se* rule obligating district courts to stay their proceedings, there would be no need for courts to consider a three-factor test or any other circumstances that might be relevant to a stay. Given the particular circumstances here, it is inappropriate to stay this case.

Finally, Defendants alternatively request that the Court extend the trial date until after February 21, 2018. (Doc. No. 239, at 8.) Plaintiffs oppose this request. (Doc. No. 249, at 15.) The Court declines to extend the trial date as requested. The extension requested would ensure that the PTAB's final written decision occurred prior to a final jury verdict in this case. That request is effectively the same as staying the case until the PTAB issues a final written decision.

This would create the same complications and cause the same prejudice to Plaintiffs discussed above. Accordingly, the Court will not extend the current trial setting.

## CONCLUSION

On balance, the relevant factors in this case favor denying a stay.   For the reasons stated herein, the Court **DENIES** Defendants' Motion to Stay (Doc. No. 239).

**So ORDERED and SIGNED this 5th day of April, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE