# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| TINNUS ENTERPRISES, LLC and ZURU LTD., <br><br> Plaintiffs, <br><br> v. <br><br> TELEBRANDS CORP., <br><br> Defendant. | Case No. 6:16-CV-00033-RWS-JDL <br> *(Lead Case)* |
| TINNUS ENTERPRISES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES INC., et al. <br><br> Defendants. | Case No. 6:16-CV-00034-RWS-JDL <br> *(Consolidated with Lead Case 6:16-CV-00033-RWS-JDL)* |

**DEFENDANTS' OBJECTIONS TO THE MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STAY PENDING POST-GRANT REVIEW OF THE PATENTS-IN-SUIT (DKT. 262)**

Defendants Telebrands Corp., Bed Bath & Beyond Inc., Fry's Electronics, Kohl's Department Stores, Sears Holdings Corporation, The Kroger Co., Toys "R" Us-Delaware, Inc., and Walgreens Boots Alliance, Inc. object to the Magistrate Judge's Memorandum Opinion and Order denying Defendants' motion to stay (Dkt. No. 262) ("Order") as both clearly erroneous and contrary to the law. 28 U.S.C. § 636(b)(1)(A). The Order rests on the erroneous presumption that a final judgment in this action somehow relates to whether Defendants can manufacture and/or sell the Easy Einstein Balloons product, a recently launched new product that is not an accused product in this case. The Order does not otherwise explain why the particular circumstances of this case differ from the numerous other cases in which courts have granted motions to stay after the PTAB has instituted a post-grant review proceeding.

Nor could it. A stay of this lawsuit—in which all sales of the Accused Products have been enjoined, in which much expensive expert discovery and other pretrial work remains to be done, and in which the PTAB has instituted a post-grant review proceeding that may obviate any trial—is the sensible course. That Telebrands is selling the Easy Einstein product—the accused product in a separate lawsuit—has no bearing on whether going to trial in this case makes sense. Yet Easy Einstein was the centerpiece of the Magistrate Judge's decision to deny the requested stay and expose both the parties and this Court to the substantial risk of incurring the burden and expense of a trial that may be mooted by the pending proceedings at the PTAB. Accordingly, Defendants' respectfully request that the Court reconsider the Magistrate Judge's Order and grant Defendants' motion to stay pending post-grant review of the patents-in-suit.

**A. The Order Erroneously Concluded That A Stay Will Unduly Prejudice Plaintiffs**

As the Order acknowledged, two preliminary injunctions have been entered in this consolidated action with respect to the Accused Products. (Dkt. 262, p. 7.) It is undisputed that no

sales of the Accused Products are occurring. Nonetheless, the Magistrate Judge concluded that a stay would unduly prejudice Plaintiffs because, *inter alia*, Defendants have launched the Easy Einstein product. (*Id.*, p. 5.) But even a *final judgment* in Plaintiffs' favor in this action would not affect Defendants' ability to manufacture and sell the Easy Einstein product because the Easy Einstein product is not accused in this action.[1] Rather, that product is the subject of an entirely different action, in which the parties have already completed briefing and a hearing with respect to Plaintiffs' motion for a preliminary injunction. *Tinnus Enterprises, LLC, et al. v. Telebrands Corp.*, No. 6:17-cv-00170-RWS-JDL (E.D. Tex.) ("*Tinnus III*") (Dkt. No. 55.) It was error to deny a stay on the basis of a factor completely extraneous to this lawsuit.

The only other factor adverted to as supporting the conclusion that a stay will unduly prejudice Plaintiffs is Plaintiffs' interest in the timely and cost effective enforcement of their patents. (Dkt. 262, p. 5.) But it is well settled that this factor is present in every case. *NFC Tech. LLC v. HTC America, Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). As Chief Judge Clark recently explained in a related case, "[i]n order to demonstrate undue prejudice or tactical disadvantage, a party might present some unusual circumstance, some evidence that would likely go missing, or some advocate or witness who will no longer be available . . ." *Tinnus Enterprises, LLC, et al. v. Telebrands Corp., et al.*, No. 6:15-cv-00551-RC-JDL (E.D. Tex.), 2017 WL 379471, at *3 ("*Tinnus I*"). Plaintiffs have not done so, and the Order identifies no such evidence or circumstances. Indeed, because the parties will continue to litigate over the Easy Einstein Balloons product in *Tinnus III*, there is little risk that any memories will fade between now and the time of trial. Plaintiffs will not be unduly prejudiced by a stay of this action.

---

[1] Tellingly, Plaintiffs did not move for contempt of the preliminary injunctions in the current action, thereby implicitly admitting that the Easy Einstein Balloons product is not a colorable imitation of the Battle Balloons product that is the subject of this action.

2

### B. The Order Erroneously Concluded A Stay Will Not Simplify The Issues

Relying on *Chrimar Systems Inc, et al. v. ADTRAN, Inc., et al*, No. 6:15-cv-618-JRG-JDL (E.D. Tex.), Dkt. No. 723 at *5, the Magistrate Judge concluded that this factor did not weigh in favor of a stay because consideration of whether a stay will simplify the issues is speculative. (Dkt. No. 262, p. 6.) But *Chrimar* is inapposite. In *Chrimar*, Defendants requested a stay *before* the PTAB instituted an *inter-partes* review proceeding. Here, the PTAB has already concluded that *all claims* of the patents-in-suit are more likely than not invalid. This is critical, because, **as acknowledged in the Order** (Dkt. 262, p. 8), "since the circuit court's decision in *VirtualAgility*, courts have been nearly uniform in granting motions to stay proceedings in the trial court after the PTAB has instituted *inter partes* review proceedings." *NFC Tech.*, 2015 WL 1069111, at *6.

Furthermore, while the Magistrate Judge noted that Defendants were found not to have raised a substantial question as to validity during the preliminary injunction proceedings, those decisions are by their nature *preliminary*. (Dkt. 262, p. 7.) Recently, in *Novartis AG v. Noven Pharm. Inc.*, the Federal Circuit expressly held that prior judicial opinions are *not* binding on the PTAB, and that the district court and PTAB may reach different conclusions as to validity.[2] __ F.3d __ (Fed. Cir. 2017), 2017 WL 1229742, at *2 (Fed. Cir. Apr. 4, 2017). It is undisputed that if the PTAB invalidates all claims of the patents-in-suit, Plaintiffs will not have a cause of action against Defendants unless that decision is reversed. Even if all claims are not found invalid, Defendants will be estopped from asserting any grounds upon which the PTAB reaches a final decision. As such, a stay of this action promises to simplify the issues. In the America Invents

---

[2] Indeed, although in *Tinnus I* the district court and the PTAB reached different conclusions on validity, the patent was invalidated by the PTAB, which obviated the need for a trial. Substantial judicial resources were saved by staying the action pending appeal of the PTAB decision. In that case, the Plaintiffs' right to a timely trial did not trump the significant judicial resources that would be saved by a stay. The same reasoning applies here.

Act, Congress entrusted determinations of patent validity to the PTAB, the skilled federal agency that issued the patent in the first instance, so as to conserve judicial resources that would be wasted on trials for invalid patents. It risks a significant waste of both this Court's and the parties' resources to proceed to trial in this action when the PTAB has already concluded that all claims of the patents-in-suit are more likely than not invalid.

### C. The Procedural Stage Of This Action Does Not Weigh Against A Stay

The Magistrate Judge concluded that this factor weighs against a stay, *inter alia*, because the parties have agreed to streamline discovery.[3] (Dkt. 262, p. 8.) While the parties have agreed to the use of discovery from *Tinnus I* in this action, discovery is by no means complete. To the contrary, *Tinnus I* involved only the now-invalidated '066 patent, which is *not* at issue in this case. Accordingly, much of the discovery from *Tinnus I* is not relevant to this action. In this action, ESI discovery remains outstanding and no depositions have been noticed or taken. The parties have not even exchanged opening expert reports in this case, which will not be the same as the reports submitted in *Tinnus I*, which involved a different patent. It is beyond dispute that expert discovery is an expensive and time consuming undertaking that would be avoided by a stay. The Order does not take into account the fact that the parties are about to undertake significant expenses in conducting discovery and preparing for trial, which are not warranted in view of the PTAB institution decisions.[4] *See Tinnus Enterprises,* 2017 WL 379471, at *3. As such, the procedural stage of this action favors—rather than weighs against—a stay.

---

[3] The Order additionally referred to a "four-month delay until the filing of the PGR petitions." (Dkt. 262, p. 7.) But this Judicial District has held that the filing of petitions more than 7 months after the action was brought did not weigh against the grant of a stay after the PTAB had instituted *inter-partes* review proceedings. *See NFC Tech.*, 2015 WL 1069111, at *3.

[4] The Order argues that, under Defendants' reasoning, a stay after institution would be automatic. (Dkt. 262, p. 8.) This is not correct. A stay may not be warranted in a case where no

Furthermore, the Magistrate Judge's conclusion that extending the trial date by a few months "would create the same complications and cause the same prejudice to Plaintiffs as discussed above" is clearly erroneous. (Dkt. 262, pp. 8-9.) As for prejudice, the Order found that Plaintiffs would be prejudiced because the PTAB trial date could be extended by six months for good cause. (Dkt. 262, p. 2.) Yet such an extension is unlikely and even if it did occur would not change the key facts that sales of the accused products are preliminarily enjoined and that invalidation of the patents-in-suit by the PTAB would render the expensive and burdensome litigation, pre-trial, and trial process a waste for this Court and the parties. In this connection, to the extent that the Order premised its conclusion on the notion that Plaintiffs are particularly prejudiced by competition by Defendants at the start of the summer selling season, it is clearly erroneous. (Dkt. 262, p. 5.) Defendants have been enjoined from selling the Accused Products and are not doing so, no matter the season. Moreover, even if Defendants were selling—and they are not—an extension of the PTAB trial date from November to February, i.e., during the winter months, would have little, if any, effect on sales for the summer season.

Finally, the Order's failure to consider that the PTAB trial is scheduled to take place at the same time as the trial date set for this action was clearly erroneous. Defendants would be substantially prejudiced because their lawyers cannot try two cases at the same time. If the stay is not granted, at a minimum, the trial date should be moved to prevent a conflict between the two proceedings.

---

preliminary injunction has issued and discovery has been completed. Neither of those circumstances is present here.

5

| | |
|---|---|
| Dated: April 19, 2017 | By:   /s/ *Lance Lee* |

<div style="display: flex;">

Gregory Love
Texas Bar No. 24013060
greg@lovetrialfirm.com
107 E. Main Street
Henderson, TX 75652
Tel: (903) 212-4444

D. Michael Underhill
munderhill@bsfllp.com
Amy L. Neuhardt (admitted *pro hac vice*)
aneuhardt@bsfllp.com
Eric J. Maurer
emaurer@bsfllp.com
Stacey Grigsby (admitted *pro hac vice*)
sgrigsby@bsfllp.com
William Bloom (admitted *pro hac vice*)
wbloom@BSFLLP.com
Joseph Alm
jalm@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
1401 New York Avenue NW
Washington, DC 20005
Tel.: (202) 237-2727
Fax: (202) 237-6131

*Attorneys for Defendant Telebrands Corp.*

Lance Lee
Texas Bar No. 24004762
wlancelee@gmail.com
5511 Plaza Drive
Texarkana, TX 75503
Tel: (903) 223-0276

Robert T. Maldonado (admitted *pro hac vice*)
Rmaldonado@cooperdunham.com
Elana B. Araj (*admitted pro hac vice*)
earaj@cooperdunham.com
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: 212-278-0400

*Attorneys for all Defendants*

</div>

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on April 19, 2017.

<div style="text-align:right">

/s/<u>Lance Lee</u>
Lance Lee

</div>