IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **TINNUS ENTERPRISES, LLC, ZURU LTD.,** § § § | |
| **Plaintiffs,** § § | |
| v. § § § | CIVIL ACTION NO. 6:16-CV-00033-RWS |
| **TELEBRANDS CORPORATION,** § § § | |
| **Defendant.** § | |

## ORDER ADOPTING MEMORANDUM OPINION AND ORDER OF MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On April 5, 2017, the Magistrate Judge issued a Memorandum Opinion and Order ("Order") denying Defendants' Motion to stay pending Post Grant Review ("PGR"). Docket No. 262. Defendants filed objections to the Magistrate Judge's Order (Docket No. 269), and Plaintiffs filed a response to the objections (Docket No. 276). The Court reviews the Magistrate Judge's findings for clear error. 28 U.S.C. § 636 (a)(1)(A).

Defendants first object to the Magistrate Judge's finding that a stay would result in undue prejudice as clearly erroneous. Docket No. 269 at 2–3. Defendants argue that there will be no undue prejudice from the launch of the Easy Einstein Balloons because they are already being sold and are the subject of another action. *Id.* at 3. With respect to the Easy Einstein Balloons, the Magistrate Judge ultimately considered that the preliminary injunction in place in this case would not weigh in favor of a stay because of Defendants' established pattern of conduct of launching new products as soon as this Court issues an injunction. Docket No. 262 at 4–5. Moreover, at the

time, although Plaintiffs had moved for a separate injunction as to the Easy Einstein Balloons on the asserted patents, it was not clear whether Plaintiffs would also be moving for contempt on the Court's injunction in this case. The Court therefore does not find the Magistrate Judge's conclusion clearly erroneous. Ultimately, the Magistrate Judge found that the lengthy delay that would result from a stay "will result in undue prejudice to Plaintiffs, as the parties are direct competitors competing in a two-player market." Docket No. 262 at 5. As to this conclusion, Defendants argue that Plaintiffs needed to identify evidence or circumstances that would change as a result of the prolonged stay. Docket No. 269 at 3. But such unusual circumstances are not the only circumstances that would create prejudice from a lengthy delay. Here, as the Magistrate Judge pointed out, the parties are direct competitors, a preliminary injunction is already in place in this action, and many of the foundational facts that gave rise to this action occurred over three years ago in February 2014. Because a stay would necessarily further delay the final resolution of these claims by several months, the Magistrate Judge's finding that this factor weighed against a stay was not clearly erroneous.

      Defendants next object to the Magistrate Judge's conclusion that a stay would not simplify the issues as clearly erroneous. Docket No. 276 at 4. Defendants first criticize the Magistrate Judge's reliance on *Chrimar* as inapposite because Defendants contend that the defendants in *Chrimar* requested a stay before *inter partes* review was instituted. *Id.* at 3. However, the *Chrimar* decision cited by the Magistrate Judge and referenced in Defendants' objections was a decision on a denial of a renewed motion to stay ***after*** institution by the Patent Trial and Appeal Board ("PTAB"). *See Chrimar Systems Inc., et al., v. ADTRAN, Inc., et al.*, No. 6:15-cv-618-JRG-JDL (Docket No. 723), at 5 (E.D. Tex. Dec. 9, 2016). Regardless, the Magistrate Judge cited *Chrimar* for the concept that cancellation of all the claims is speculative (even after institution) and to note

the practical difficulties of resetting a trial date after significant delay if not all of the claims are cancelled, such as "the undertaking of re-familiarization with the issues of the case, and the necessity to determine the scope of what was decided by the PTAB, and how, if at all, that information should be presented to the jury." Docket No. 262 at 6–7. The Court does not find these considerations clearly erroneous. Defendants also object to the Magistrate Judge's consideration that the Court found Defendants had not raised a substantial question as to validity on the preliminary injunction because the Court's decision is preliminary. Docket No. 269 at 3. As to this objection, the Court finds the Magistrate Judge did not clearly err in considering those conclusions when weighing whether a stay was appropriate. Ultimately, the Magistrate Judge did not clearly err in finding that this factor did not favor a stay.

Defendants next argue that the procedural stage of this action does not weigh against a stay. Docket No. 269 at 5. Defendants object to the Magistrate Judge's finding that discovery has been streamlined in this action because Defendants contend there are many outstanding discovery disputes that remain. *Id.* Again, Defendants focus on only one subsidiary finding in the Magistrate Judge's Order. Primarily, the Magistrate Judge noted the advanced posture of this case as "this case had undergone significant proceedings, including two preliminary injunctions, and the completion of claim construction." Docket No. 262 at 7–8. The Court agrees with this conclusion. Moreover, as to discovery, the Court agrees that the many overlapping issues between this case and the initial action have significantly streamlined discovery through the parties' stipulation. Given these circumstances, the Court agrees with the Magistrate Judge that this factor weighs against a stay. Moreover, the Court finds no clear error in the Magistrate Judge's rejection of Defendants' alternative request to extend the trial date.

Finally, Defendants argue that "the Order's failure to consider that the PTAB trial is

scheduled to take place at the same time as the trial date in this action was clearly erroneous." Docket No. 269 at 6. However, this alleged conflict was not raised by Defendants in their briefing. Therefore, the Magistrate Judge could not have clearly erred for failing to consider it. Regardless, to the extent a conflict does exist, the parties are of course free to raise such a conflict with the Court so that the Court can investigate whether it is able to accommodate moving the trial setting.

For these reasons, the Court adopts the Order of the United States Magistrate Judge as the findings of this Court. All objections are **OVERRULED** and Defendants' Motion to stay (Docket No. 239) is **DENIED**.

**SIGNED this 30th day of May, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE