IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **TINNUS ENTERPRISES, LLC, ZURU LTD.,** | § § § | |
| | § | CIVIL ACTION NO. 6:16-CV-00033-RWS |
| **Plaintiffs,** | § § | |
| | § | |
| v. | § | |
| | § | |
| **TELEBRANDS CORPORATION, BULBHEAD.COM, LLC,** | § § § | |
| | § | |
| **Defendants.** | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Telebrands Corporation and Bulbhead.com LLC (collectively "Defendants") Motion to Exclude Plaintiffs' expert Alan Ratliff's Opinion on Lost Profits, including price erosion. (Doc. No. 335.) Plaintiffs Tinnus Enterprises, LLC and ZURU Ltd. (collectively "Plaintiffs") filed a response (Doc. No. 366), to which Defendants filed a reply (Doc. No. 379), and Plaintiffs filed a sur-reply (Doc. No. 388). On September 7, 2017, the Court held a hearing. For the reasons stated herein, Defendants' Motion (Doc. No. 335) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## BACKGROUND

On January 26, 2016, Plaintiffs filed the instant action against Telebrands, alleging infringement of U.S. Patent No. 9,242,749 ("the '749 Patent"). (Doc. No. 1.) On April 19, 2016, Plaintiffs amended their complaint to add allegations of infringement of U.S. Patent No. 9,315,282 ("the '282 Patent"). (Doc. No. 3.) This case proceeded on a trial schedule through the completion of discovery and expert discovery and through the filing of dispositive motions. On

1

July 7, 2017, Defendants filed a for partial summary judgment, alleging for the first time that Defendants were entitled to summary judgment on Plaintiffs' claim for lost profits because ZURU Ltd. had not made the sales of the Bunch O Balloons products in the United States, but rather ZURU Inc. had made those sales and was not a named party to this action. (Doc. No. 334.) On that same day, Defendants filed the instant motion seeking to strike portions of Mr. Ratliff's report regarding lost profits.

## LEGAL STANDARD

Rule 702 provides that an expert witness may offer opinion testimony if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed.R.Evid. 702.

The Rules also "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 594, 597 (1993). "The relevance prong [of *Daubert*] requires the proponent [of the expert testimony] to demonstrate that the expert's 'reasoning or methodology can be properly applied to the facts in issue.'" *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (quoting *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999)). "The reliability prong [of *Daubert*] mandates that expert opinion 'be grounded in the methods and procedures of science and . . . be more than unsupported speculation or subjective belief.'" *Johnson*, 685 F.3d at 459 (quoting *Curtis*, 174 F.3d at 668).

In assessing the "reliability" of an expert's opinion, the trial court may consider a list of factors including: "whether a theory or technique . . . can be (and has been) tested," "whether the

theory or technique has been subjected to peer review and publication," "the known or potential rate of error," "the existence and maintenance of standards," and "general acceptance" of a theory in the "relevant scientific community." *Daubert*, 509 U.S. at 593–94; *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999) ("*Daubert* makes clear that the factors it mentions do *not* constitute a 'definitive checklist or test.'"); *U.S. v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010). "The proponent need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." *Johnson*, 685 F.3d at 459 (quoting *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc)). At base, "the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015).

## DISCUSSION

Defendants move to exclude Plaintiffs' damages expert, Alan Ratliff's, opinions on lost profits, including price erosion, on three bases: (1) Mr. Ratliff failed to consider whether either of the Plaintiffs actually sell or profit from the sale of Bunch O Balloons; (2) Mr. Ratliff erroneously attributes price erosion damages to Battle Balloons' alleged infringement of the '749 and '282 Patents; and (3) Mr. Ratliff's price erosion analysis is inconsistent with economic reality. (Doc. No. 335, at 4.)

Plaintiffs argue that Defendants' motion is improperly focuses on the weight of Mr. Ratliff's opinion, rather than reliability. (Doc. No. 366, at 6.) Plaintiffs argue that Mr. Ratliff's opinions are reliable and grounded in the facts because numerous purchase orders show that Walmart, ZURU's largest customer, was at least placing orders with ZURU Ltd. for Bunch O Balloons. (Doc. No. 336, at 7, citing Ex. 4, Sample ZURU Ltd. Purchase Orders.) Plaintiffs

argue that whether ZURU Ltd. can claim lost profits for the activities of other ZURU entities is not a subject for a damages expert opinion. *Id.* at 8.

As to the issue of sales resulting in lost profits, the Court has concurrently issued an order regarding the sales for which ZURU Ltd. may seek lost profits in ruling on Defendants' motion for summary judgment. Consistent with the Court's rulings, the Court **GRANTS-IN-PART** Defendants' Motion (Doc. No. 335); however, Mr. Ratliff will be permitted an opportunity to file an amended expert report to address the ZURU Ltd. sales associated with the generation of lost profits. It is therefore **ORDERED** that within **7 days** of the issuance of this Order, the parties shall complete any additional fact discovery. Within **14 days** of the issuance of this Order, Mr. Ratliff shall serve an amended expert report. Defendants' expert may file a rebuttal report within **7 days** of being served with Mr. Ratliff's supplemental report. The parties are permitted one supplemental deposition of each damages expert not to exceed 4 hours. Further expert depositions shall be completed **prior to the pretrial conference** in this matter.

As to Defendants' objections to Mr. Ratliff's opinions on price erosion, Defendants argue that Mr. Ratliff's opinions cannot be squared with the evidence in this case because: (1) Mr. Ratliff acknowledges that ZURU priced Bunch O Balloons prior to competitors entering the market; (2) he already opined that Balloon Bonanza drove Bunch O Balloons prices down; and (3) he admits that Battle Balloons debuted after the alleged price erosion occurred. (Doc. No. 335, at 9.) These criticisms of Mr. Ratliff's opinions go to the weight of his opinions not the admissibility. Therefore, on these bases, the Court finds no reason to strike Mr. Ratliff's price erosion opinions. Matters of credibility may be taken up during cross-examination. Accordingly, Defendants' Motion (Doc. No. 335) is **DENIED-IN-PART** as to Mr. Ratliff's price erosion opinions.

## CONCLUSION

For the reasons stated herein, Defendants' Motion (Doc. No. 335) is **GRANTED-IN-PART** and **DENIED-IN-PART.** Within 7 days of the issuance of this Order, the parties shall complete any additional fact discovery related to lost profits. Within 14 days of the issuance of this Order, Mr. Ratliff shall serve an amended expert report. Defendants' expert may file a rebuttal report within 7 days of being served with Mr. Ratliff's supplemental report. The parties are permitted one supplemental deposition of each damages expert not to exceed 4 hours. Any additional expert depositions shall be completed prior to the pretrial conference in this matter**.**

**So ORDERED and SIGNED this 11th day of September, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE