# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| TINNUS ENTERPRISES, LLC, ZURU LTD., | § §  § § § § § § § § § § |
| Plaintiffs, | |
| v. | |
| TELEBRANDS CORPORATION, BULBHEAD.COM, LLC, | |
| Defendants. | |

CIVIL ACTION NO. 6:16-CV-00033

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On August 1, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Defendants Telebrands Corp. ("Telebrands") and Bulbhead.com LLC's ("Bulbhead") (collectively "Defendants") Motion to dismiss or transfer this case pursuant to 28 U.S.C. § 1406 and Federal Rule of Civil Procedure 12(b)(3) be denied. Docket No. 298. Defendants filed objections to the Magistrate Judge's R&R. Docket No. 387. Plaintiffs Tinnus Enterprises, LLC and Zuru, Ltd. ("Plaintiffs") have filed a response. Docket No. 397. Having conducted a *de novo* review of Defendants' written objections, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. 28 U.S.C. § 636 (b)(1).

Defendants specifically object to the Magistrate Judge's finding that Defendants waived their challenge to venue in this action and that the Supreme Court's decision in *TC Heartland* was not an intervening change in law. Docket No. 387 at 3–7.

First, as to Defendants' general objection that *TC Heartland* was an intervening change in law, this Court has already held that *TC Heartland* was not an intervening change in the law. *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-00037, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017) *report and recommendation adopted by* Doc. No. 430 (July 19, 2017) ("The Court need not reach Defendants' argument that a change in law constitutes an exception to waiver under Rule 12(h)(1)(A) because the Supreme Court's decision in *TC Heartland* does not qualify"). Other courts have held the same. *See In re Hughes Network Sys., LLC*, No. 2017-130, 2017 WL 3167522, at *1 (Fed. Cir. July 24, 2017) (petition for writ of mandamus denied); *Navico, Inc. v. Garmin Int'l, Inc*., No. 2:16-CV-190, 2017 WL 2957882, at *2 (E.D. Tex. July 11, 2017) ("[B]ecause *TC Heartland* does not qualify as an intervening change of law, this waiver is not excused."); *Orthosie Sys., LLC v. Synovia Solutions, LLC*, No. 4:16-CV-00995, 2017 WL 3244244, at *3 (E.D. Tex. July 31, 2017); *iLife Techs. Inc. v. Nintendo of America, Inc.*, No. 3:13-cv-4987, 2017 WL 2778006, at *7 (N.D. Tex. June 27, 2017) ("*TC Heartland* does not qualify as an intervening change in law."); *In re Nintendo of America Inc.*, No. 2017-127, Slip. Op., Doc. No. 30, at 3 (Fed. Cir. July 26, 2017) (petition for writ of mandamus denied); *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-CV-21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017) ("*TC Heartland* does not qualify for the intervening law exception to waiver because it merely affirms the viability of *Fourco*."); *In re Sea Ray Boats, Inc.*, Case No. 2017-124, Dkt. 15, Slip Op. at 2 (Fed. Cir. June 9, 2017) (petition for writ of mandamus denied); *Chamberlain Group, Inc. v. Techtronic Indus. Co.*, No. 16 C 6097, 2017 WL 3205772, at *2 (N.D. Ill. June 28, 2017) ("the Court follows *Elbit* and *Cobalt Boats* . . . in finding that *TC Heartland* did not represent a change in the law that would excuse waiver under these circumstances."); *In re Techtronic Indus. North America, Inc. et al.*, No. 2017-125, Slip. Op., Doc. No. 25, at 3 (Fed. Cir.

July 25, 2017) (petition for writ of mandamus denied); *Mantissa Corp. v. Ondot Sys., Inc.*, No. 4:15-cv-113, Slip. Op., Doc. No. 113, at 6 (S.D. Tex. July 26, 2017); *Skyhawke Techs., LLC v. DECA Int'l Corp. et al.*, No. 3:10-CV-708T-SL-RHW, 2017 WL 3132066, at *2 (S.D. Miss. July 21, 2017); *Koninklijke Philips v. ASUSTeK Computer Inc.*, No. 1:15-cv-1125-GMS, Slip. Op., Doc. No. 215, at 10 (D. Del. July 19, 2017); *Fox Factory, Inc., v. SRAM, LLC*, No. 3:16-cv-506-WHO, Slip. Op., Doc. No. 72, at 5 (N.D. Cal. July 18, 2017); *Reebok Int'l Ltd., et al. v. TRB Acquisitions LLC, et al.*, No. 3:16-CV-1618-SI, 2017 WL 3016034, at *3 (D. Or. July 14, 2017) ("the defense of improper venue was not 'unavailable' to Defendants before the Supreme Court issued its decision in *TC Heartland*."); *Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *4 (S.D. Cal. July 5, 2017) ("[T]he Supreme Court's decision in *TC Heartland* does not excuse Defendants' waiver as to venue in this District."); *Amax, Inc. v. ACCO Brands Corp.*, No. CV 16-10695-NMG, 2017 WL 2818986, at *2 (D. Mass. June 29, 2017) ("defendant's contention that an objection to improper venue under 28 U.S.C. § 1400(b) was previously unavailable is incorrect."); *Crest Audio, Inc. v. QSC Audio Prods. LLC*, No. 3:12-cv-755, Slip. Op. (N.D. Miss. August 7, 2017) (same); *Jarratt v. Amazon.com, Inc.*, No. 5:16-CV-05302, 2017 WL 3437782, at *1 (W.D. Ark. Aug. 10, 2017) ("*TC Heartland*…merely reiterates Supreme Court precedent from *Fourco* . . . which was erroneously rejected by the Federal Circuit."). Therefore, Defendants' general objection is **OVERRULED**.

Regarding the Magistrate Judge's finding of waiver, Defendants object because they contend that they filed the instant motion five months before trial. Docket No. 387 at 7. The Magistrate Judge found that during the time period in which Telebrands had repeatedly admitted venue was proper in this District, the Court had conducted lengthy injunction proceedings, resolved several discovery disputes, and completed claim construction. Docket No. 359 at 8. The

Court agrees that this continuous conduct without any objection to venue constitutes waiver. *See Koninklijke Philips v. ASUSTeK Computer Inc.*, No. 1:15-cv-1125-GMS, at *8 (D. Del. July 19, 2017) (finding defendants' conduct waived any venue defense where defendants "(1) participated in a scheduling conference; (2) conducted discovery, (3) entered into a stipulation and protective order with the plaintiff; and (4) moved the court to allow their out of state counsel to appear *pro hac vice*."); *Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *3 (S.D. Cal. July 5, 2017) (finding defendants waived any challenge to venue through litigation conduct by participating in litigation for "approximately a year, including by serving invalidity contentions, filing two motions to stay, filing a motion for judgment on the pleadings, and participating in claim construction."). Moreover, even if Defendants are correct that the defense was not available to them at those times, the Magistrate Judge further found that after filing its motion to dismiss, Telebrands continued to seek affirmative relief from the Court. *See* Docket No. 359 at 8, citing Docket No. 324.

Defendants additionally object to the Magistrate Judge's reliance on the filing of affirmative counterclaims to support a finding of waiver. Docket No. 387 at 8. Defendants cite an alleged contradictory decision from the Magistrate Judge in *Blue Spike, LLC v. Contixo Inc.*, No. 6:16cv1220, 2017 WL 3172425, at *2 (E.D. Tex. July 27, 2017). Defendants are incorrect in citing *Blue Spike* as contradictory and in applying the Court's findings therein. In *Blue Spike*, the Court found that, as a general matter, counterclaims alone are likely insufficient to constitute waiver where "a party has otherwise preserved its venue objection." *Id*. Indeed, in that case, Visual Land, Inc. had denied venue was proper in its initial answer while filing counterclaims. *Id.* at *1. Here, as the Magistrate Judge explained, Telebrands repeatedly admitted venue was proper while asserting affirmative counterclaims. Docket No. 359 at 7, citing Docket Nos. 26, 139, 145

("Telebrands waived its venue defense in its multiple answers to Plaintiffs' complaint by repeatedly admitting that "venue is proper in this Judicial District. . . ." and "further waived its venue defense by filing affirmative counterclaims *without objecting to venue*.") (emphasis added). While Defendants cite to *Bayou Steel*, that case dealt with waiver of personal jurisdiction, and the Fifth Circuit expressly drew a distinction in finding the matter distinguishable from *Rubens v. Ellis*, 202 F.2d 415 (5th Cir. 1953), which dealt with the issue of venue waiver where no objection was raised. *See Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149 (5th Cir. 1987) (finding that Appellants' "reliance on *Rubens* . . . is misplaced" because it did not "involve[] personal jurisdiction."). Here, *Rubens* is still applicable where the defense was "waived, not only by [defendant's] failure to object, but also because [defendant] affirmatively, by counter-claim, sought the aid of the [] court." *Rubens v. Ellis*, 202 F.2d 415, 417 (5th Cir. 1953). For these reasons, the Court **OVERRULES** Defendants' objection based on the Magistrate Judge's finding of waiver.

Defendants raise no other objections to the findings and conclusions of the Magistrate Judge. Any objections to those findings and conclusions are therefore waived and not considered herein on *de novo* review. The Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court. All objections are **OVERRULED** and Defendants' Motion (Docket No. 298) is **DENIED.**

**SIGNED this 17th day of October, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE