IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TINNUS ENTERPRISES, LLC, ZURU LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>TELEBRANDS CORPORATION, BULBHEAD.COM, LLC,<br><br>Defendants. | CIVIL ACTION NO. 6:16-CV-00033-RWS |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge, which contains his proposed findings of fact and recommendation, has been presented for consideration. Docket No. 406. Plaintiffs Tinnus Enterprises Ltd. and ZURU Ltd. (collectively "Plaintiffs") filed objections to the Report and Recommendation, to which Defendants Telebrands Corp. and Bulbhead.com (collectively "Defendants") filed a response. Docket Nos. 427, 442. Defendants also filed objections to the Report and Recommendation, to which Plaintiffs filed a response. Docket Nos. 430, 444. The Court held a hearing on October 25, 2017 to consider Plaintiffs' objections. The Court reviews *de novo* the portions of the Magistrate Judge's findings to which the parties have raised objections. 28 U.S.C. § 636 (b)(1). Having considered the parties' objections, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as the findings and conclusions of the Court. All objections are overruled. Defendants' Motion for Summary Judgment (Docket No. 334) is **GRANTED-IN-PART** and

**DENIED-IN-PART** as set forth herein and in the Magistrate Judge's Report and Recommendation.

### A. Plaintiffs' Objections

Plaintiff objects to the Magistrate Judge's findings that "(1) ZURU Inc. did not possess an exclusive license during the period of infringement; and (2) the First Amended License Agreement's integration clause precluded an oral exclusive license." Docket No. 427. As an initial matter, Plaintiffs' objections do not accurately characterize the Magistrate Judge's findings in his Report and Recommendation. First, the Magistrate Judge did not find that ZURU Inc. did not have an oral license to the patents-in-suit, but instead found that based on the evidence presented, there was insufficient evidence to show that ZURU Inc. had the exclusive rights to the patent-in-suit to collect damages for lost profits. *See* Docket No. 406 at 6 ("…this letter did not provide ZURU Inc. with the exclusive rights to the patents-in-suit needed to recover lost profits in this action."). Second, the Magistrate Judge did not find that the integration clause precluded an oral exclusive license. Rather, the Magistrate Judge found that the text of the integration clause, along with the parties' conduct and the evidence presented, supported a finding that ZURU Inc. did not have exclusive rights to the patent-in-suit. *Id.*

This Court took this matter up via Plaintiffs' Motions to Reconsider. Docket Nos. 422, 423, 424, 425. Plaintiffs raise the same arguments herein. Having thoroughly considered those arguments, the Court finds that ZURU Inc. did not have sufficient rights to the patents-in-suit to collect lost profits during the time of alleged infringement. The Court also agrees that ZURU Ltd. cannot recover ZURU Inc.'s lost profits for the sales made by ZURU Inc. *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 778 F.3d 1365, 1375 (Fed. Cir. 2015) (vacated on other grounds, 824 F.3d 1344); *Poly-America., L.P. v. GSE Lining Tech., Inc.*, 383 F.3d 1303, 1311 (Fed. Cir. 2004); *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1367 (Fed. Cir. 2008). For these same reasons, the

Court **OVERRULES** Plaintiffs' objections. Finally, as to Plaintiffs' new arguments that Defendants cannot interfere with a third-party contract under Texas law and that ZURU Inc. had a *nunc pro tunc* license, those arguments are both based in the authority of state law and cannot cure the fatal federal issue—that ZURU Inc. did not have the exclusionary rights necessary to confer standing to sue and collect lost profits. Therefore, all objections are **OVERRULED**.

### B. Defendants' Objections

Defendants object to the Magistrate Judge's recommendation that summary judgment be denied as to lost profits on sales made by ZURU Ltd. Docket No. 430 at 2. Defendants first argue that the Magistrate Judge erred in allowing ZURU Ltd. to present a case of lost profits for sales that it made. *Id.* at 3. Defendants' argument is that the evidence does not establish that ZURU Ltd. is entitled to lost profits. *Id.* at 4. However, the Magistrate Judge never found that ZURU Ltd. is entitled to lost profits. Instead, the Magistrate Judge found that there was sufficient evidence of sales in the record to preclude summary judgment and permitted Plaintiffs' expert to amend his report with respect to those sales. Docket No. 406 at 8–10. Defendants cite to the testimony of Plaintiffs' 30(b)(6) witness as an unequivocal admission that the profits belonged to ZURU Inc. Docket No. 430 at 4. The Magistrate Judge specifically considered this testimony and found that the fact that the profits for ZURU Ltd.'s sales were booked with ZURU Inc. did not preclude ZURU Ltd. from asserting lost profits based upon its own sales associated with those profits. Docket No. 406 at 8–10. The issue of causation was not properly presented in Defendants' summary judgment briefing and the Court agrees with the Magistrate Judge that the expert should be allowed to further develop that issue in his amended report. The remainder of Defendants' objections go to this issue of causation and the evidence sufficient to prove lost profits. Docket No. 430 at 6–8. However, as discussed herein, the Magistrate Judge properly allowed for a brief reopening of discovery and amended expert reports on this issue. Therefore, these objections are

premature on the record before the Court. For these reasons, the Court **OVERRULES** Defendants' objections.

Therefore, the Court adopts the Report and Recommendation of the United States Magistrate Judge as the Order of this Court. All objections are **OVERRULED**. Defendants' Motion for Summary Judgment (Docket No. 334) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**SIGNED this 1st day of November, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE