IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TINNUS ENTERPRISES, LLC, ZURU LTD., <br><br> Plaintiffs, <br><br> v. <br><br> TELEBRANDS CORPORATION, BULBHEAD.COM, LLC, <br><br> Defendants. | § § § § § § § § § § § § CIVIL ACTION NO. 6:16-CV-00033-RWS |

## ORDER

Before the Court is Defendants' Emergency Motion to Bifurcate Willfulness (Doc. No. 479). Plaintiffs filed a response. (Doc. No. 491.) Having considered the issue, the Court **DENIES** Defendants' Motion (Doc. No. 479).

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . ." Fed.R.Civ.P. 42(b). The decision to bifurcate is within the sole discretion of the trial court. *See Intel Corp. v. Commonwealth Sci. & Indus. Research Org.*, No. 6:06-cv-551, 2008 U.S. Dist. LEXIS 103613, at *21 (E.D. Tex. Dec. 23, 2008) ("Generally, consolidation and bifurcation are within the sole discretion of the trial court"). "The piecemeal trial of separate issues in a single lawsuit is not to be the usual course." *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000).

Here, given the particular circumstances at hand, the Court finds no reason to bifurcate the issue of willfulness from this trial. Specifically, given the Supreme Court's abrogation of the two-prong test required by *Seagate* in *Halo Electronics, Inc. v. Pulse Electronics, Inc.,* the Court

finds little reason to bifurcate the issue of willfulness given Defendants' stated reason for bifurcation based on considerations of objective reasonableness due to proceedings at the Patent Trial and Appeal Board. Such a bifurcation would only confuse the issues and lead to judicial inefficiencies. Therefore, the Motion (Doc. No. 479) is **DENIED**.

**So ORDERED and SIGNED this 6th day of November, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE