**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| TINNUS ENTERPRISES, LLC, ZURU LTD., | § § § § § § § § § § § § § | |
| | | CIVIL ACTION NO. 6:16-CV-00033-RWS |
| Plaintiffs, | | |
| v. | | LEAD CASE |
| TELEBRANDS CORPORATION, BULBHEAD.COM, LLC, | | |
| Defendants. | | |

**ORDER**

The Court held a trial on this matter in November 2017. *See* Docket Nos. 546–556. Before the matter was submitted to the jury, the parties filed various motions for judgment as a matter of law under Fed. R. Civ. P. 50(a). *See* Docket Nos. 526–528, 530–534, 537.

None of these motions were granted before the jury began its deliberations. Ultimately, all matters were submitted to the jury. After the verdict was rendered, the parties submitted their post-trial briefing, renewing some of their arguments for judgment as a matter of law, while not renewing others. *See* Post-Trial Briefing, Docket Nos. 578–583. Any motion made under Rule 50(a) must be renewed following the trial. *See* Fed. R. Civ. P. 50. Thus, since the post-trial briefing is complete, the Court **ORDERS** that all motions for judgment as a matter of law brought before the jury deliberated are **DENIED AS MOOT**.[1] Thus, the only motions still pending are the ones filed post-trial.

---

[1] However, the Court has not yet ruled on the merits of any of the post-trial briefs. This Order shall not be read as though the Court has any leanings on any of the post-trial issues, one way or the other. This Order is for docket management purposes only.

Additionally, Defendants filed various "trial briefs" before the trial began. Essentially, these briefs asked the undersigned to reconsider some of the pretrial rulings from the Magistrate Judge. None of these motions were granted, as the Magistrate Judge had already ruled on these issues, and the Court took up specific objections raised throughout the course of trial. Since the trial is now complete, the Court **ORDERS** that all of Defendants' "trial briefs" are also **DENIED AS MOOT**.

Accordingly, the following motions are **DENIED AS MOOT**:

- Trial Brief Regarding Copying (Docket No. 512)

- Objections to the Magistrate's Rulings (Docket No. 513)

- Trial Brief Regarding Quality of Telebrands' Products (Docket No. 514)

- Trial Brief Regarding Lost Profits (Docket No. 515)

- Motion for JMOL of No Infringement of the '749 Patent (Docket No. 526)

- Motion for JMOL of No Lost Profits (Docket No. 527)

- Motion for JMOL of No Willfulness (Docket No. 528)

- Motion for JMOL of Infringement of the '282 and '749 Patents (Docket No. 530)

- Motion for JMOL that the Claims of the '282 Patent are Not Invalid for Lack of Written Description (Docket No. 531)

- Motion for JMOL that the Claims of the '282 and '749 Patents are Not Invalid for Obviousness (Docket No. 532)

- Motion for JMOL of Willful Infringement of the '282 and '749 Patents (Docket No. 533)

- Motion for JMOL of Invalidity of the '282 and '749 Patents (Docket No. 534)

- Motion for JMOL as to Lost Profits (Docket No. 537)

IT IS SO ORDERED.

**SIGNED this 19th day of September, 2018.**

*[Signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE