# UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| TINNUS ENTERPRISES, LLC, et al.<br><br>    Plaintiffs,<br><br>        v.<br><br>TELEBRANDS CORP. and BULBHEAD.COM, LLC,<br><br>    Defendants. | Case No.  6:16-cv-00033-RWS-JDL (Lead Case) |
| TINNUS ENTERPRISES, LLC, et al.<br><br>    Plaintiffs,<br><br>        v.<br><br>WALMART STORES, INC., et al.<br><br>    Defendants. | Case No.  6:16-cv-00034-RWS-JDL (Consolidated with Lead Case) |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE (DKT. 659) TO FILE A SUPPLEMENTAL MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, A NEW TRIAL AND TO SUPPLEMENT THEIR OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES (DKT. 590) AND OPPOSITION TO PLAINTIFFS' MOTION FOR ENHANCED DAMAGES (DKT. 589)**

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ..................................................................................................1

II.     THE COURT SHOULD GRANT LEAVE TO FILE ..............................................2

     A.      Plaintiffs Did Not Comply With Their Discovery Obligations. ..................2

     B.      There Is No Delay ......................................................................................4

     C.      Defendants Have Met the Standard for JMOL and a New Trial..................5

III.    CONCLUSION......................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Altana Pharma. AG v. Teva Pharmaceuticals USA, Inc.*,
   No. 04-2355 (JLL), 2013 WL 12158110 (D.N.J. Feb. 11, 2013).....................................5

*Edgar v. Finley*,
   312 F.2d 533 (8th Cir. 1963) ...............................................................................................4

*Fertik v. Stevenson*,
   311 F.R.D. 25 (D. Mass. 2015)............................................................................................2

*Krock v. Electric Motor & Repair Co.*,
   339 F.2d 73 (1st Cir. 1964)...................................................................................................4

*Olivarez v. GEO Group, Inc.*,
   844 F.3d 200 (5th Cir. 2016) ...............................................................................................2

**Rules**

Fed. R. Civ. P. 26.......................................................................................................1, 2, 3, 4

## I.   INTRODUCTION

This motion presents the important issue of whether the Court should grant Defendants leave to file a supplemental motion in support of Defendants' request for JMOL and new trial based on critical withheld evidence. Although Plaintiffs' first argument in their opposition is on the merits (telegraphing the significance of the issues and the need for full consideration), the question currently before the Court is the request for leave. There should be no debate that leave is necessary. Plaintiffs concede they did not produce the new documents in question— corporate minutes, resolutions, and correspondence with auditors in which Plaintiffs squarely admit that the claimed sales "███████████████████████████." Dkt. 660 at Ex. A.

To avoid the Court having an accurate record in deciding whether Defendants are entitled to JMOL or a new trial, Plaintiffs blame Defendants for their own obfuscation in discovery. Plaintiffs do not deny that they never produced the corporate minutes and never disclosed Mr. Pellone on any Rule 26 disclosures. Plaintiffs knew about Mr. Pellone's role as ███████████ of the Zuru Plaintiffs, and that Mr. Pellone was working on issues that bear directly on LTD's claim for lost profits in court. Defendants did not have this information. Mr. Pellone had just joined the Zuru Plaintiffs in January 2017, a few weeks before the parties identified ESI custodians (and well after the issue was addressed in *Tinnus I*). Plaintiffs also cite the "Addendum" that Mr. Pellone signed, but that did not even exist until July 31, 2017, after discovery had closed and after Defendants moved for summary judgment. When the question of whether LTD lost profits came into sharper focus after summary judgment, Defendants specifically asked for corporate documents and auditor correspondence, yet Plaintiffs still failed to turn over materials that directly undermine their claims.

Plaintiffs have no excuse for failing to produce the documents attached to Defendants' supplemental post-trial motion.  Plaintiffs should not be permitted to justify the verdict based

on half-truths. The Court should grant leave so that in deciding JMOL and new trial, the Court

(or a new jury) may render an informed decision that takes into account the withheld evidence.

## II.   THE COURT SHOULD GRANT LEAVE TO FILE

### A.  Plaintiffs Did Not Comply With Their Discovery Obligations.

Plaintiffs make several incorrect arguments to disclaim responsibility for failing to

produce the evidence at issue. First, Plaintiffs focus on email discovery but fail to address that

several key withheld documents are corporate documents ███████████████████████

████████████████████████████████████████████. These include the

corporate resolution passed by LTD's Board of Directors and minutes from the Board of

Directors of INC explaining how ████████████████████████████████████

████████████████████████. Dkt. 660 at Exs. E, F. Regardless of

any issue of email custodians, these documents should have been produced

Plaintiffs also cannot bury critical admissions from Mr. Pellone by arguing Plaintiffs

did not have to produce them. Plaintiffs never address the fact that they failed to include Mr.

Pellone on their Rule 26(a) disclosures. "Fed. R. Civ. P. 26(a) is an automatic disclosure

provision and obligates the parties to disclose all information relevant to its claims or defenses,

and 26(e) imposes an obligation to supplement or correct disclosures to reflect accurate

information." *Fertik v. Stevenson,* 311 F.R.D. 25, 28 (D. Mass. 2015); *see also Olivarez v.*

*GEO Group, Inc.*, 844 F.3d 200, 206 (5th Cir. 2016) (Fifth Circuit law requires the disclosure

of any information that "tends to establish the truth of key issues to be determined by the

jury"). Plaintiffs did not comply with this disclosure requirement.

Plaintiffs may not disclaim responsibility for their conduct on the grounds that

Defendants did not identify Mr. Pellone as an email custodian. Mr. Pellone became the

████████████████ for the Zuru Plaintiffs in January 2017, just a few weeks before Defendants

selected ESI custodians on February 16, 2017 (and four months after ESI custodians were selected in *Tinnus I* on August 29, 2016). Plaintiffs did not update their initial disclosures at that time—or any time—to include Mr. Pellone. After the Court's September 2017 summary judgment ruling on lost profits made clear that LTD's financial affairs were front and center, Plaintiffs still did not update their disclosures to include the individual who oversees these matters.[1] Plaintiffs' suggestion that Defendants should have speculated about Mr. Pellone's identity and work (when Plaintiffs shielded him from disclosure) turns the discovery process on its head.

Plaintiffs also set up a straw man in arguing that Defendants should have identified Mr. Pellone in ESI (in the weeks after he, unknown to Defendants, just joined the Zuru parties) because he appeared on certain documents. Plaintiffs point to the "Addendum" that Mr. Pellone signed, but that is dated July 31, 2017, after the fact discovery period had ended.  Dkt. 364 at Ex. E.  Plaintiffs also cite emails mentioning Mr. Pellone (Dkt. 666 at Exs. 3-10), but those are all dated February 21, 2017 or later, after the selection of ESI custodians. And none of them begin to scratch the surface of Mr. Pellone's responsibilities or his admissions regarding LTD's lack of sales or profits. Plaintiffs cannot claim that these eight emails put Defendants on notice of the scope of Mr. Pellone's relevant knowledge when they failed at every juncture to include him in their Rule 26 disclosures.

Plaintiffs also make the unfounded argument that the documents were not requested in supplemental post-summary judgment discovery. Dkt. 666 at 14. On September 11, 2017, the court issued an R&R on Defendants' summary judgment motion and ordered "additional fact discovery related to lost profits." Dkt. 405 at pp. 4, 5. The same day, Defendants served

---

[1] Plaintiffs did not update disclosures in *Tinnus I* (6:15-cv-00551) to mention Mr. Pellone and excluded him from disclosures in *Tinnus IV* (6:17-cv-00170).

supplemental requests specifically for documents related to LTD's alleged lost profits. Dkt. 660 at Ex. I. Defendants also requested "all accounting documents" and numerous corporate documents. *Id.* Plaintiffs did not produce the documents in question, but Defendants could not possibly have known what Plaintiffs did not produce. Plaintiffs' suggestion that they should not have had to "search every email from every ZURU employee" rings hollow. The Pellone emails and corporate minutes and resolutions are not obscure, but exactly the documents that Defendants requested. Plaintiffs simply kept the facts to themselves.

Even if the Court were to find that Plaintiffs fully complied with their discovery obligations (which they did not), that would not even remotely dispose of the need to grant a new trial based on newly discovered evidence. Courts have recognized that even "neglect" during the discovery process by the party seeking a new trial based on newly discovered evidence is not grounds to deny the motion. *Krock v. Electric Motor & Repair Co.*, 339 F.2d 73, 74 (1st Cir. 1964) ("To determine . . . that neglect gives the other party carte blanche to introduce testimony that is mistaken or worse, insulated from any further proceedings, would be to accept an evil far graver than waste of the court's or litigant's time."); *see also Edgar v. Finley*, 312 F.2d 533, 538 (8th Cir. 1963) (finding that, while the party moving for new trial could have been more diligent in conducting discovery, "[s]ince the newly discovered evidence in this case is highly relevant to the central issue and is of such a nature that added to the evidence previously submitted to the jury, . . . we cannot allow the judgment to stand.").

## B.  There Is No Delay

Plaintiffs incorrectly argue there is a "lengthy delay" in bringing this motion. There is no delay at all. The time from the verdict or the filing of this case are of no moment. Plaintiffs nowhere acknowledge that they did not produce the withheld documents until just recently in July and August 2018. Dkt. 660-1 at ¶¶ 2-8.  After Defendants obtained these documents and

deposed Mr. Pellone in *Tinnus IV* on August 28, 2018 in Hong Kong, Defendants promptly brought this motion. The only delay is Plaintiffs' failure to produce the key documents.

### C.  Defendants Have Met the Standard for JMOL and a New Trial.

The extent to which Plaintiffs' argue the merits, as their first argument, confirms the importance of the new evidence and the impact that it would have had on the Court in deciding LTD's claim for lost profits. The evidence is in no way "cumulative." The Court and the jury never got to see the statements of Mr. Pellone and LTD's and INC's Board of Directors that confirm the correctness of Defendants' argument that LTD made no sales and lost no profits. These new documents are essentially the only contemporaneous, documentary evidence of how LTD and INC themselves characterized LTD's activity, and neither the jury nor the Court could compare that evidence with the self-serving testimony Plaintiffs offered at trial. Plaintiffs also overstate the holding of *Altana Pharma. AG v. Teva Pharmaceuticals USA, Inc.*, No. 04-2355 (JLL), 2013 WL 12158110 (D.N.J. Feb. 11, 2013). The court in *Altana* addressed whether the defendant was required to use the patentee's former method of booking profits when calculating lost profits, and denied summary judgment on the unique facts of that case. *Id.* at *4. *Altana* does not stand for the proposition that the method by which a party books profits is, as a matter of law, irrelevant to the lost profits inquiry. It certainly does not hold that a party such as LTD may recover lost profits, when LTD's key financial officer stated that it made no sales and its financial documents show that it lost no profits.

### III.    CONCLUSION

Defendants respectfully request that the Court grant Defendants leave to file the Supplemental Motion for Judgment as a Matter of Law or, in the Alternative, a New Trial that was previously filed as Dkt. 660.

Respectfully submitted,

Dated: October 15, 2018          By:   /s/ *Lance Lee*
                                        Lance Lee
                                        Texas Bar No. 24004762
                                        wlancelee@gmail.com
                                        5511 Plaza Drive
                                        Texarkana, TX 75503
                                        Tel: (903) 223-0276

                                        Gregory Love
                                        Texas Bar No. 24013060
                                        greg@lovetrialfirm.com
                                        107 E. Main Street
                                        Henderson, TX 75652
                                        Tel: (903) 212-4444

Morgan Chu                              Robert T. Maldonado
mchu@irell.com                          Rmaldonado@cooperdunham.com
Richard Birnholz                        Laura A. Alos
rbirnholz@irell.com                     lalos@cooperdunham.com
Grace Chuchla                           COOPER & DUNHAM LLP
gchuchla@irell.com                      30 Rockefeller Plaza
Molly Russell                           New York, New York 10112
mrussell@irell.com                      Tel: 212-278-0400
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276      *Attorneys for all Defendants*
Tel: 310-203-7000

*Attorneys for Defendant Telebrands Corp.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on October 15, 2018.

<u>*/s/      Lance Lee*          </u>
Lance Lee