IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TINNUS ENTERPRISES, LLC, ZURU LTD., <br><br> Plaintiffs, <br><br> v. <br><br> TELEBRANDS CORPORATION, BULBHEAD.COM, LLC, BED BATH & BEYOND INC, FRY'S ELECTRONICS, SEARS HOLDING CORPORATION, THE KROGER COMPANY, WALGREEN CO., <br><br> Defendants. | § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 6:16-CV-00033-RWS |

## ORDER

Before the Court is Defendants' Motion for Leave to File a Supplemental Motion for Judgment as a Matter of Law, or in the Alternative, a New Trial and to Supplement Their Opposition to Plaintiffs' Motion for Attorney's Fees (Docket No. 590) and Opposition to Plaintiffs' Motion for Enhanced Damages (Docket No. 589). Docket No. 659. Defendants assert that Plaintiffs improperly withheld documents that would contradict Plaintiff Zuru LTD's ("LTD") claim for lost profits. Docket No. 659 at 1. Defendants assert that the allegedly withheld information is so directly relevant and probative that it would have changed the outcome of trial and, further, shifts the balance of considerations on Plaintiffs' pending motions for a declaration of exceptional case and attorney's fees (Docket No. 583) and enhanced damages (Docket No. 578). *Id.*

The allegedly withheld documents consist of email communications from Christian Pellone, the chief financial officer of LTD and other Zuru entities; minutes and resolutions from the boards of directors of Zuru Inc. ("INC") and LTD; and audited financial statements from INC. *Id*. Defendants assert that through those documents, Mr. Pellone and the boards of LTD and INC admitted that LTD makes no sales, incurs no costs of goods sold, has no profits from any sales and enjoys neither the rights nor the responsibilities that flow from any sales because it acts as an undisclosed agent for INC. *Id*. at 1–2. According to Defendants, these documents contradict Plaintiffs' arguments on summary judgment and at trial that LTD made sales that could form the basis of LTD's claim for lost profits. *Id.* at 2.

Plaintiffs respond that the documents were not improperly withheld because they were not responsive to Defendants' discovery requests. Docket No. 666 at 11–13. Specifically, Plaintiffs assert that the emails were not properly sought under the agreed ESI Order (Docket No. 75) and that the financial statement could not have been withheld because it was developed just two months ago, well after discovery closed and trial ended. *Id*.

After considering the parties' briefing, the Court finds that a ruling on this issue requires further factual development. Accordingly, the Court will reopen discovery for a period of 60 days with respect to lost profits. Defendants may refile the supplemental motion within seven (7) days following the close of this discovery period. Accordingly, Defendants' Motion for Leave to file a Supplemental Motion is **GRANTED** (Docket No. 659) and the currently pending Supplemental Motion is **DENIED AS MOOT** (Docket No. 660) but may be refiled as discussed above.

It is so **ORDERED**.

**SIGNED this 22nd day of October, 2018.**

*[Signature: Robert W. Schroeder III]*

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE