**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| TINNUS ENTERPRISES, LLC, ) | | |
| and ) | | |
| ZURU LTD., ) | Civ. Action No. 6:16-cv-33 | |
| Plaintiffs, ) | **(LEAD CASE)** | |
| v. ) | **HEARING REQUESTED** | |
| TELEBRANDS CORP., et al., ) | | |
| Defendants. ) | | |
| TINNUS ENTERPRISES, LLC, ) | | |
| Plaintiff, ) | Civ. Action No. 6:16-cv-34 | |
| v. ) | (Consolidated with Lead Case No.: 6:16-cv-33) | |
| TELEBRANDS CORP., et al., ) | | |
| Defendants. ) | | |

**PLAINTIFFS' MOTION TO QUASH SUBPOENAS AND
NOTICE OF DEPOSITION SERVED UPON PLAINTIFFS' ATTORNEYS
TOM DUNLAP, CORTLAND PUTBRESE, GREG SMITH,
AND DUNLAP BENNETT AND LUDWIG PLLC, AND FOR A
PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)**

**INTRODUCTION**

On October 22, 2018, this Court issued an order reopening discovery on lost profits for 60 days. (Dkt. 671.)  In the order, the Court found that the issue regarding lost profits required further factual development. (*Id.*)  However, this order did not give Defendants permission to launch an all-out assault on Plaintiffs' counsel. Without notice or justification—and in complete disregard of the attorney-client privilege, the work product doctrine, and the rules of discovery—**Telebrands has served discovery requests and subpoenas on Plaintiffs' inside *and outside* legal counsel, as well as its e-discovery vendor.**  Nothing in the Court's order permits such an overreaching discovery tactic.

Plaintiffs Tinnus Enterprises, LLC, and ZURU, Ltd., ("Plaintiffs") have requested that Defendants reconsider their efforts to seek discovery from Plaintiffs' counsel, but Defendants have refused to do so.  Therefore, leaving Plaintiffs no alternative, Plaintiffs seek to quash Defendant Telebrands' Subpoenas and Notices of Deposition of Thomas Dunlap (lead trial counsel), Cortland Putbrese (lead litigation counsel), and Greg Smith (ZURU's in-house counsel) dated October 31, 2018, on the grounds that they attempt to depose Plaintiffs' counsel without sufficient cause for such an extraordinary action and were unilaterally issued with insufficient notice.  (*See* Exs. 1-3.) Plaintiffs also seek to quash a document subpoena to the law firm of Dunlap Bennett & Ludwig PLLC dated November 2, 2018. (Ex. 4.)

With respect to this limited reopening of discovery, it is important to note that there is no evidence of any wrongdoing on behalf of Plaintiffs, much less Plaintiffs' counsel.  In fact, over the course of this litigation and the other cases of *Tinnus Enterprises, LLC v. Telebrands Corp.*, 6:15-cv-00551-RWS-JDL ("*Tinnus I*") and *Tinnus Enterprises, LLC v. Telebrands Corp.*, 6:17-cv-00170-RWS-JDL ("*Tinnus IV*"),  Plaintiffs have produced over 850,000 pages of documents

and engaged in the 36 depositions previously taken by Defendants in these cases. Interestingly, ███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

██████████████. Regardless of the previous discovery conducted, Plaintiffs are ready and willing to engage in additional discovery on lost profits in compliance with the Court's order. The extraordinary step of subpoenaing Plaintiffs' three lead attorneys and law firm is clearly unjustified. These demands come at a time when the *Tinnus IV* trial is a little over two months away. Now, with trial in *Tinnus IV* looming, Defendants seek to waste hundreds of hours of Plaintiffs' time with unjustified and excessive discovery requests on the eve of trial. Such unconventional tactics fly in the face of the rules of discovery and the Orders of this Court. Accordingly, Plaintiffs seek an order quashing the subpoenas and notices of deposition served on Plaintiffs' counsel.

## FACTUAL BACKGROUND

Prior to trial, Defendants requested extensive discovery related to ██████████ ████. (Dkt. 660, Ex. H.) Plaintiffs fully complied with these requests. Defendants did not request ██████████████████████████████.

On July 7, 2017, Defendants filed a motion for summary judgment, asserting for the first time their theory that ████████████████████████████████████████████████████ ██████. (Dkt. 334.) The Court granted this motion in part and denied it in part. (Dkt. 406, 484.) The Court also ordered supplemental discovery but did not reopen ESI discovery. (Dkt. 405 at 5.) During this discovery, Defendants requested ██████████████████████████████████ ████████████████████. (*See* Dkt. 660, Ex. I.) Plaintiffs again complied with these requests.

At trial on November 14-21, 2017, the jury ruled in Plaintiffs' favor. (Dkt. 544.)

Meanwhile, trial in *Tinnus IV* was scheduled to begin on January 28, 2019. During discovery in *Tinnus IV*, Plaintiffs provided Defendants with discovery that included ████

████

- ████
- ████
- ████
- ████

On September 11, 2018, Defendants moved for leave to seek a new trial in *Tinnus II*, arguing that these documents had been improperly withheld from them in *Tinnus II*. (Dkt. 659.) In response, Plaintiffs noted that these documents were not requested in *Tinnus I* or *Tinnus II* and, indeed, some of them did not even exist at the time of discovery in *Tinnus II*. (Dkt. 666.) In their Reply, Defendants clarified that their position was that Plaintiffs should have produced ████

████. (Dkt. 668 at 2-3.) The Court concluded that further factual development was necessary and "reopen[ed] discovery for a period of 60 days with respect to lost profits." (Dkt. 671.)

Seizing this opportunity to burden Plaintiffs, Defendants unilaterally subpoenaed Plaintiffs' three leading attorneys to appear for depositions. (Exs. 1-3.) Importantly, Defendants made no attempt to confer with Plaintiffs regarding these subpoenas before abruptly serving them after business hours on October 31, 2018. Additionally, on November 2, 2018, Defendants served a document subpoena on the law firm of Dunlap Bennett & Ludwig, PLLC, which is Plaintiffs' law firm in this action. (Ex. 4.)

3

## ARGUMENT

### I. DEFENDANTS' HAVE NO VALID BASIS FOR THE EXTRAORDINARY ACT OF DEPOSING PLAINTIFFS' ATTORNEYS

Defendants seek to depose Plaintiffs' three lead attorneys: Tom Dunlap, Cortland Putbrese, and Greg Smith. (Exs. 1-3.) Defendants have also subpoenaed Dunlap Bennett & Ludwig, PLLC, the law firm representing Plaintiffs in this action. (Ex. 4.) Defendants have no valid reason for the extraordinary act of deposing and subpoenaing opposing counsel. Clearly these subpoenas have been served for the sole purpose of burdening Plaintiffs during the time of pretrial preparations for trial in *Tinnus IV*. Such gamesmanship should not be permitted.

"Generally, federal courts have disfavored the practice of taking the deposition of a party's attorney; instead, the practice should be employed only in limited circumstances." *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999). "[T]hose circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (citations omitted); *see Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999) (applying this standard and recognizing that "a request to depose opposing counsel generally would provide a district court with good cause to issue a protective order"); *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07–CV–559, 2009 WL 2174925 at *2 (E.D. Tex. July 21, 2009) (applying these factors).

As *Shelton* explained, "[t]he practice of forcing trial counsel to testify as a witness . . . has long been discouraged, and recognized as disrupting the adversarial nature of our judicial system." 805 F.2d at 1327 (citations omitted). "Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to

4

the already burdensome time and costs of litigation." *Id.* (noting that such depositions create "delays to resolve work-product and attorney-client objections . . . [and] to resolve collateral issues raised by the attorney's testimony," and have a "'chilling effect' . . . on the truthful communications from the client to the attorney"). "Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent." *Id.* Additionally, the Fifth Circuit has held that a party's attorneys should not be deposed where, as here, alternative methods of obtaining the desired information exist. *Theriot*, 185 F.3d at 491.

In order for Defendants to depose Plaintiffs' attorneys, Defendants must first show that Plaintiffs' attorneys have crucial information, that this information is not privileged, and that Defendants have no other means of acquiring this information. *See id.* But Defendants have not even indicated what nonprivileged information they seek from opposing counsel, much less why that information is crucial or unobtainable from other sources. Instead, they have simply served the subpoenas and notices of depositions with absolutely no explanation whatsoever. (*See* Exs. 1-3 (not even indicating the topics to be discussed at these depositions).) When Plaintiffs' counsel asked Defendants' counsel for their basis for seeking these depositions, defense counsel did not indicate what specific information they wanted, but only stated that they wanted to investigate counsel's "knowledge and conduct in collecting documents for the case." Defense counsel also did not indicate why they could not obtain this information by other means, but simply made the bare assertion, "[t]his discovery is the only way we can test your assertions [in response to the motion for leave (Dkt. 666)] and investigate these issues." Such bald conclusions are insufficient to support the drastic relief Defendants demand.[1]

---

[1] If such reasoning were accepted as a basis for deposing Plaintiffs' counsel, this would

5

Moreover, Rule 45 provides that a court "must quash or modify a subpoena that: . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). In this case, Defendants' subpoenas appear to seek information regarding Plaintiffs' attorneys' attorney-client communications and internal work in preparation for the case. Such information is clearly privileged and considered work product as well. *See, e.g., Haydel v. State Farm Mut. Auto. Ins. Co.*, No. CV 07-939-C-M2, 2009 WL 10679318, at *4 (M.D. La. July 27, 2009) (granting attorneys' fees for an improper subpoena seeking privileged information). Additionally, Defendants' subpoenas impose an undue burden on Plaintiffs' trial counsel and law firm, who are preparing for trial in *Tinnus IV*. Moreover, if Defendants' subpoenas were allowed to stand, it would likely result in extensive privilege disputes that this Court would have to resolve piecemeal, which in turn would further delay resolution of Defendants' own motion and final judgment. Further, Defendants have not explained why the information they seek could not be obtained from other sources (or other means), such as ZURU itself. For these reasons alone, Defendants' subpoenas and notices of depositions should be quashed and not permitted.[2]

---

entitle Plaintiffs to depose Defendants' counsel to determine  This, of course, is why courts are loath to allow attorneys to be deposed on such bases.

[2] A protective order under Rule 26 is also appropriate here. *See* Fed. R. Civ. P. 26(c)(1). In that regard, "a party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.]" *Id.* For the reasons discussed herein, good cause for a protective order exists given that Defendants and seek to impose undue burden and expense on Plaintiffs' counsel.

Finally, Defendants' subpoenas on Plaintiffs' trial counsel and in-house counsel are not arguably related to a fair reading the Court's order. (Dkt. 671.) The Court reopened discovery with respect to "lost profits," not documents subject to attorney-client privilege and work product.  Nor is there any indication in the Court's order or otherwise of any wrongdoing by Plaintiffs or their counsel.  (Dkt. 671.) However, Defendants have apparently taken an extremely broad view of the Court's order in order to further waste time and resources, and possibly to try to manufacture privilege disputes that will undoubtedly require resolution by the Court as Plaintiffs' counsel prepare for trial in *Tinnus IV*.  Additionally, any manufactured discovery disputes further benefit Defendants given that they only serve to delay resolution of Defendants' motion and final judgment. For these reasons as well, Defendants' subpoenas and notices of depositions should be quashed and not permitted.

## II.   PLAINTIFFS ARE ENTITLED TO THEIR ATTORNEYS' FEES

Plaintiffs are also entitled to their attorneys' fees because Defendants issued the subpoenas to Plaintiffs' trial counsel in bad faith and for the sole purpose of harassing Plaintiffs. *See* Fed. R. Civ. P. 26(c)(3) and 37(a)(5) and 45(d)(1) and Advisory Comm. Notes—1991 Amendment ("Paragraph (c)(1) . . . specifies liability for earnings lost by a non-party witness as a result of a misuse of the subpoena . . . The liability may include the cost of fees to collect attorneys' fees owed as a result of a breach of this duty."). Here, Defendants know (or should know) that these subpoenas are improper because the information they seek is clearly privileged. While Defendants have indicated that they are relying on the "crime-fraud" exception to privilege, this contention is baseless and not supported by the record or any other evidence. Under this exception, "[t]he party challenging the privilege must (1) make an independent prima facie case that a crime has been committed, and (2) then demonstrate that the privileged

7

information bears a relationship to the alleged crime or fraud." *Ward v. Succession of Freeman*, 854 F.2d 780, 790 (5th Cir. 1988); *see also In re Grand Jury Subpoena*, 419 F.3d 329, 340 (5th Cir. 2009) (collecting cases). As noted, the only wrongdoing that Defendants allege is ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. These allegations fall far short of meeting the high standard to pierce attorney-client privilege and work product doctrine. Nonetheless, Defendants have issued subpoenas without even attempting to confer with Plaintiffs on these issues, and have demanded that Plaintiffs comply with these subpoenas in a matter of days. Because Defendants cannot in good faith contend that their actions are proper, but instead are merely attempting to exploit the Court's Order to interfere with Plaintiffs' preparations for trial in *Tinnus IV*, Plaintiffs are entitled to recover their attorneys' fees.

## **CONCLUSION**

In conclusion, Plaintiffs request that: (1) the Court quash the subpoenas and notices of deposition for Thomas Dunlap, Cortland Putbrese, Gregory Smith, and Dunlap Bennett & Ludwig PLLC and (2) grant Plaintiffs their attorneys' fees and costs in filing the instant motion. Plaintiffs also respectfully request a hearing on this motion.[3]

---

[3] Defendants have served extensive discovery requests on Plaintiffs that appear to exceed Defendants' discovery requests in *Tinnus IV* and this case combined. Plaintiffs are in the process of conferring with Defendants regarding the scope of Defendants' overbroad and unduly burdensome requests and therefore do not raise those issues in the instant motion. However, Plaintiffs expressly reserve the right to seek any other appropriate relief regarding Defendants' discovery requests from the Court at a future date.

8

Dated:  November 9, 2018                              Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Debby Gunter
State Bar No. 24012752
Findlay Craft, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
dgunter@findlaycraft.com

Thomas M. Dunlap (Admitted E.D. Tex./VA Bar No. 44016)
David Ludwig (Admitted E.D. Tex./VA Bar No. 73157)
Eric Olavson (Admitted E.D. Tex./VA Bar No. 87872)
Dunlap Bennett & Ludwig PLLC
211 Church Street, SE
Leesburg, Virginia 20175
(703) 777-7319 (t)
(703) 777-3656 (f)
tdunlap@dbllawyers.com
dludwig@dbllawyers.com
eolavson@dbllawyers.com

Cortland C. Putbrese (Admitted E.D. Tex./VA Bar No. 46419)
Dunlap Bennett & Ludwig PLLC
2307 East Broad Street, Ste. 301
Richmond, Virginia 23223
(804) 977-2688 (t)
(804) 977-2680 (f)
cputbrese@dbllawyers.com

Jeff Ahdoot (admitted *pro hac vice*)
Dunlap Bennett & Ludwig PLLC
1717 Pennsylvania Avenue
Suite 1025
Washington, DC 20006
(202) 316-8558 (t)
(703) 777-3656 (f)

        jahdoot@dbllawyers.com

        Brian M. Koide
        Admitted E.D. Tex./VA Bar No. 46,329
        Dunlap Bennett & Ludwig PLLC
        8300 Boone Blvd #550
        Vienna, VA 22182
        703-442-3890 (t)
        703-777-3656 (f)
        bkoide@dbllawyers.com

        *Counsel for Plaintiffs Tinnus Enterprises, LLC and ZURU Ltd.*

        By: */s/Kelly J. Kubasta*
        Kelly J. Kubasta
        Texas Bar No. 24002430
        Ferguson Braswell Fraser Kubasta PC
        2500 Dallas Parkway, Suite 600
        Plano, TX 75093
        972-378-9111 (t)
        972-378-9115 (f)
        kkubasta@fbfk.law
        *Counsel for Plaintiff Tinnus Enterprises, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing *via* electronic mail to all counsel of record.

        /s/ *Eric H. Findlay*
        Eric H. Findlay

## CERTIFICATE OF CONFERENCE

On November 9, 2018, the undersigned communicated with counsel for Defendants, Mr. Richard Birnholz, via e-mail and telephone. The Defendants remain opposed to the relief requested in Plaintiffs' Motion to Quash and Protective Order.

/s/ *Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that authorization to file under seal was provided by the Court's Protective Order entered in this matter.

/s/ *Eric H. Findlay*
Eric H. Findlay