**UNITED STATES DISTRICT COURT**

**FOR EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| TINNUS ENTERPRISES, LLC, et al. | |
| Plaintiffs, | |
| v. | Case No.  6:16-cv-00033-RWS-JDL (Lead Case) |
| TELEBRANDS CORP. and BULBHEAD.COM, LLC, | |
| Defendants. | |
| TINNUS ENTERPRISES, LLC, et al. | |
| Plaintiffs, | |
| v. | Case No.  6:16-cv-00034-RWS-JDL (Consolidated with Lead Case) |
| WALMART STORES, INC., et al. | |
| Defendants. | **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** |

**MOTION TO COMPEL AND EXTEND THE PERIOD
FOR REOPENED DISCOVERY**

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION.................................................................................................1

II.   FACTUAL BACKGROUND ...............................................................................3

III.  PLAINTIFFS HAVE FAILED TO PROVIDE DISCOVERY IN
      RESPONSE TO THE COURT'S ORDER...........................................................5

      A.    The Court Should Compel SDS to Respond to the Subpoena ............................5

            1.    The Information Sought Is Not Protected Work Product. ......................7

            2.    Plaintiffs Waived Work Product Protection by Putting Attorney
                  Conduct at Issue in Opposing Defendants' Motion for Leave. ...............8

            3.    The Crime-Fraud Exception. ..................................................................10

      B.    The Court Should Compel Production of ███████████ Documents...............12

      C.    The Court Should Compel Plaintiffs to Produce Relevant Documents
            within Defendants' Requested Time Period .......................................................13

      D.    The Court Should Extend The Reopened Discovery Period Because of
            the Need for Additional Time in Light of Discovery Disputes and
            Plaintiffs' Failure to Provide Meaningful Discovery to Date............................14

IV.   CONCLUSION ..................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott Labs. V. H&H Wholesale Servs. Inc.*,
    No. 17 CV 3095 (CBA)(LB), 2018 WL 2459271 (E.D.N.Y. Mar. 9, 2018)............................10

*Dunn v. State Farm Fire & Cas. Co.*,
    927 F.2d 869 (5th Cir. 1991) ...................................................................................................7

*In re Enforcement of Subpoena Issued by F.D.I.C.*,
    No. 3:11-mc-80066-CRB (EDL), 2011 WL 2559546 (N.D. Cal. June 28, 2011) ......................................................................................................................................7

*Fox v. Taylor Diving & Salvage Co.*,
    694 F.2d 1349 (5th Cir. 1983) .................................................................................................9

*In re Grand Jury Subpoena*,
    419 F.3d 329 (5th Cir. 2005) .................................................................................................10

*Greater New Orleans Fair Hous. Action Ctr., Inc. v. Dorian Apts., LLC*,
    No. 15-6406, 2016 WL 6157534 (E.D. La. Oct. 24, 2016) ......................................................9

*Riddell Sports Inc. v. Brooks*,
    158 F.R.D. 555 (S.D.N.Y. 1994) .........................................................................................7, 8

*Romero v. Allstate Ins. Co.*,
    271 F.R.D. 96 (E.D. Pa. 2010)................................................................................................8

*Seneca Ins. Co., Inc. v. Western Claims, Inc.*,
    774 F.3d 1272 (10th Cir. 2014) ..............................................................................................9

*U.S. v. Zolin*,
    491 U.S. 554 (1989)...............................................................................................................11

*In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*,
    314 F.R.D. 397 (E.D. La. 2016)..............................................................................................8

**Rules**

Local Rule CV-26(d) ....................................................................................................................13

## I.    INTRODUCTION

This is a motion to compel and extend the period for reopened discovery.  After discovering highly relevant documents produced for the first time in *Tinnus IV*, Defendants moved for leave to file a supplemental new trial motion based on fundamental defects in Zuru LTD's ("LTD") claim for lost profits and the conduct of Plaintiffs and their counsel in withholding critical documents during pre-trial discovery in this case.  In granting the motion, the Court found "that a ruling on this issue requires further factual development" and reopened discovery on lost profits for a period of 60 days.  Dkt. 671 at 2.  Defendants are working to obtain additional information regarding Plaintiffs' claim for lost profits and the circumstances surrounding Plaintiffs' withholding key documents until nine months after trial had concluded.  This motion has become necessary because Plaintiffs have dragged their feet, perhaps hoping to run out the clock on the reopened discovery.  Plaintiffs to date have produced only forty-two pages of documents, fewer than the pages of briefs and objections Plaintiffs served in resisting discovery.

Pursuant to the Court's order, Defendants served targeted discovery requests seeking information regarding lost profits issues and the withheld documents.  This discovery included eleven document requests, deposition notices for Zuru LTD's Nicholas Mowbray and in-house counsel Gregory Smith, and subpoenas on the Zuru parties' discovery vendor Superior Document Solutions ("SDS") and Plaintiffs' counsel at the Dunlap firm.  The document requests, for example, sought communications between ███████████████████████████████████████ ███████████████████████████████████████████████████████████ regarding financial issues underlying the lost profits claim (request 6).  SDS refuses to comply with the subpoena, and Plaintiffs refuse to produce documents concerning ███████ Plaintiffs also refuse to produce documents dated after the trial.  Defendants therefore request the Court's assistance.

First, Defendants request that the Court compel Plaintiffs and SDS to comply with the subpoena and produce documents responsive to the six categories in the subpoena. These categories seek documents reflecting the basic facts concerning when SDS received the withheld documents, the source of the withheld documents, the dates and content of searches on Mr. Pellone's email, and other facts regarding the timing of SDS's collection of documents. SDS did not move to quash the subpoena but has not complied and refuses to provide anything. SDS has asserted privilege and work product, but the information sought is not immune from discovery.

Second, Defendants also request that the Court compel Plaintiffs to produce accounting documents reflecting the advice of ▮▮▮▮▮▮ Plaintiffs agreed to produce documents regarding the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs' refusal is based on their assertion that LTD did not directly engage ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ This assertion does not track Mr. Pellone's deposition testimony in *Tinnus IV* that ▮▮▮▮▮▮▮▮▮▮▮. In any event, the argument is not well taken here. Lost profits involves whether ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ *See Tinnus IV*, Case No. 6:17-cv-170 at Dkt. 398-4 ("▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮.").  Documents reflecting ▮▮▮▮▮ analysis on whether the sales for which LTD is claiming lost profits in this Court were actually INC's (and not LTD's) are directly relevant. Plaintiffs have access to these materials and may not withhold documents addressing this very issue based on the assertion that LTD did not ▮▮▮▮▮▮

Third, Defendants request that the Court require Plaintiffs to include in their production relevant documents even if those documents were created after November 2017. There is no basis or reason to cut off Plaintiffs' obligation to produce and disclose relevant materials that may have

been created after the trial date.  The Court has reopened discovery to get to the bottom of LTD's lost profits claim.  Statements made after trial that are inconsistent with the trial record are perhaps even more probative, and indicative of why the lost profits award cannot stand.  Documents hardly become irrelevant just because they were created after an arbitrary verdict date.

Finally, Defendants respectfully request that the Court extend the period of reopened discovery until thirty days after the Plaintiffs' have completed their production of documents and the Court has resolved discovery issues.  This extension is necessary because as of this writing Plaintiffs produced only forty-two pages of documents, no ESI, have moved to quash or block certain discovery, and have objected to other discovery necessitating this motion to compel.  Plaintiffs also have offered Nicholas Mowbray for deposition until after December 16, 2018 (per Plaintiffs, in New Zealand) because of ▮▮▮▮▮▮▮▮.  The combination of depositions in late December, delays in production, and the pending motion to quash and this motion to compel have resulted in a situation where Defendants will not have sufficient time to resolve discovery disputes, conduct discovery, and conduct appropriate follow up absent an extension.

## II.     FACTUAL BACKGROUND

After the Court ordered the re-opening of discovery, Defendants requested that Plaintiffs produce documents and ESI and that certain third parties respond to subpoenas.  In particular, the discovery included a request for documents identifying eleven categories of documents; a notice of deposition of Zuru LTD's Nicholas Mowbray and its in-house counsel Gregory Smith; a subpoena for documents from Plaintiffs' e-discovery vendor Superior Document Solutions ("SDS"); and subpoenas to Plaintiffs' outside counsel.  Dkt. 674-2 to 674-5; Ex. A.[1]  This

---

[1] All Exhibits are attached to the declaration of Richard M. Birnholz, filed concurrently.

discovery sought documents and information regarding LTD's alleged profits and sales and Plaintiffs conduct during discovery and knowledge of the withheld documents. *Id.*

Plaintiffs objected to much of the discovery and to date have not provided any meaningful discovery.  On November 15, 2018, Plaintiffs served objections to the document requests, declining to produce certain documents and purporting to agree to produce others, though they have not yet done so. Ex. B.  Plaintiffs also objected to producing any documents created after November 21, 2017, the end of the trial.  *Id.*  Plaintiffs also moved to quash the subpoenas on Plaintiffs' law firm and sought a protective order against the deposition notices to Plaintiffs' in-house counsel who coordinated discovery for the Zuru parties. Dkt. 674.  The motion to quash is briefed.  Plaintiffs did not move to quash the SDS subpoena, instead objecting based on work product and privilege.  After meeting and conferring, Plaintiffs stated that they would not reconsider their objections and that SDS would not produce any documents. Ex. C.

Plaintiffs to date have produced just forty-two pages. Birnholz Dec. at ¶ 2.  The material is not even all new—of the approximately twenty documents contained within these forty-two pages, some had already been produced in the *Tinnus IV* litigation.  *Id.*  Plaintiffs have not yet produced any of the documents reflecting ███████████████████████████ In meet and confer correspondence, Plaintiffs informed Defendants that they expected to have the documents reflecting ████████████████ by November 30, but none of those documents have been produced.  *Id.*  Plaintiffs also refused to produce the requested documents relating to the work

████████████████████████████████████

██████████████ Ex. C.  Plaintiffs also have not yet provided any ESI, whether in response to

Defendants' requests or Plaintiffs' disclosure obligations to provide relevant materials.[2]  Birnholz Dec. at ¶ 2.  In terms of depositions, Plaintiffs refused to produce Mr. Smith.  Defendants also noticed Mr. Mowbray's deposition for November 27 but Plaintiffs represented that for ▮▮▮▮▮ ▮▮▮ the deposition would have to occur in New Zealand after December 16.  Ex. C.  The current 60-day period of reopened discovery ends December 22, absent adjustments that the Court may make.

## III.    PLAINTIFFS HAVE FAILED TO PROVIDE DISCOVERY IN RESPONSE TO THE COURT'S ORDER

### A.    The Court Should Compel SDS to Respond to the Subpoena

Defendants brought their supplemental motion for new trial because Defendants learned late in discovery in the *Tinnus IV* case that Plaintiffs had withheld key evidence that refuted Plaintiffs' claim for lost profits.  Plaintiffs for the first time produced ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  In opposing Defendants' request for leave to file such a motion, Plaintiffs argued that the documents did not fall within the discovery requests (even though they had been and are indisputably central to the lost profits issue). Defendants do not agree with Plaintiffs.  To get to the bottom of the issue, Defendants served a subpoena on SDS, the discovery vendor, to investigate whether Plaintiffs committed discovery misconduct that would constitute additional grounds to grant Defendants' supplemental motion and deny Plaintiffs' motion for an exceptional case declaration and award of attorney fees.

To determine whether Plaintiffs and the discovery vendor SDS had the documents in question before the *Tinnus II* trial, and to learn other related facts concerning the possession and

---

[2] The parties are conferring regarding ESI search terms, though no ESI has yet been produced.

review of documents during discovery, Defendants subpoenaed SDS for documents reflecting the

following underlying facts (*see* Ex. D):

1.  Documents constituting or reflecting your receipt of the documents that eventually were produced in *Tinnus Enterprises, et al. v. Telebrands Corp., et al.* (case no. 6:17-cv-00170) with production numbers ZURU-TX4-083097 to ZURU-TX4-083103, ZURU-TX4-079681 to ZURU-TX4-079683, ZURU-TX4-131400 to ZURU-TX4-131419, ZURU-TX4-083131 to ZURU-TX4-083157, ZURU-TX4-083183 to ZURU-TX4-083184, and ZURU-TX4-083175 to ZURU-TX4-083182.

2.  Documents sufficient to determine the source of the documents that eventually were produced in *Tinnus Enterprises, et al. v. Telebrands Corp., et al.* (case no. 6:17-cv-00170) with production numbers ZURU-TX4-083097 to ZURU-TX4-083103, ZURU-TX4-079681 to ZURU-TX4-079683, ZURU-TX4-131400 to ZURU-TX4-131419, ZURU-TX4-083131 to ZURU-TX4-083157, ZURU-TX4-083183 to ZURU-TX4-083184, and ZURU-TX4-083175 to ZURU-TX4-083182.

3.  Documents reflecting the date and content of any searches done on email accounts belonging to Christian Pellone.

4.  If you reviewed documents for potential discovery in this litigation (or contracted with others for such a review), documents reflecting or describing the instructions provided to or by you for such document review.

5.  Documents reflecting or describing the method, procedure, timing, and manner for the collection of documents from Zuru LTD for review and / or production in connection with this litigation.

6.  Documents reflecting or describing the individual custodians from whom documents were collected for review and / or production in connection with this litigation.

The SDS subpoena thus seeks relevant and material information regarding when and how

SDS first collected the withheld documents from the Zuru parties' servers and Mr. Pellone's email

archives, when those documents were available for review, when keyword searches were

conducted on Mr. Pellone's emails, and how the review of documents in this case was conducted.

These topics go directly to a core issue raised in Defendants' motion for leave—whether Plaintiffs

improperly withheld the ███████████████████████████

███████████.  SDS, however, has refused to comply with the subpoena and has interposed objections to every document request on privilege and work product grounds.

The objections to the SDS subpoena are not well-taken.  The factual information sought regarding the possession and collection of these documents is not privileged or work product immune from discovery.  Even so, Plaintiffs have directly put their attorneys' conduct and knowledge during discovery at issue and waived any protection that might apply.  Moreover, and as stated in Defendants' opposition to the motion to quash (Dkt. 676), the withheld evidence showed serious and fundamental contradictions with the arguments Plaintiffs made at trial, giving rise to facts implicating an exception to the privilege.

### 1.      The Information Sought Is Not Protected Work Product.

Much of the information that Defendants seek via the subpoena served on SDS is not protected work product.  "[T]he work product doctrine insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries."  *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991).  The discovery sought here regarding the basic facts of Plaintiffs' ESI collection and processing does not involve any creative or analytical input by attorneys.

Courts have explained that when a document or other information is "devoid of analysis or synthesis," it "is beyond the work product doctrine."  *Riddell Sports Inc. v. Brooks,* 158 F.R.D. 555, 559 (S.D.N.Y. 1994); *see also In re Enforcement of Subpoena Issued by F.D.I.C.*, No. 3:11-mc-80066-CRB (EDL), 2011 WL 2559546, at *2 (N.D. Cal. June 28, 2011).  Courts have applied this rule to the collection of evidence during discovery and have held that "the collection of evidence, without any creative or analytic input by an attorney or his agent, does not qualify as work product."  *Riddell Sports,* 158 F.R.D. at 559.  Courts have similarly found that the manner in which a party implemented the opposing party's ESI requests is not "subject to any work product

protection, as it goes to the underlying facts of what documents are responsive to Plaintiffs' document requests and does not delve into the thought processes of Defendants' counsel." *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 110 (E.D. Pa. 2010).

As in *Riddell Sports* and *Romero,* the majority of documents sought here relate to Plaintiffs' collection and processing of ESI and do not delve in to information involving the "creative or analytic input by an attorney."  For instance, Request No. 1 seeks "[d]ocuments constituting or reflecting [SDS's] receipt" of many of the withheld documents.  Ex. D.  Similarly, Requests Nos. 2 and 3 seek "[d]ocuments sufficient to determine the source" of many of the withheld documents and "[d]ocuments reflecting the date and content of any searches done on email accounts belonging to Christian Pellone."  *Id.*  This sort of basic factual information about the "who, what, where, and when" of discovery—including when certain documents were gathered from Zuru's servers and became available for production—does not automatically become protected work product because the agent of an attorney was involved.  While "[a] lawyer's analysis and mental processes" can be protected by the work product doctrine, "[u]nderlying factual information . . . that relates directly to disputed issues is usually discoverable in forms that do not reveal the lawyer's analysis and strategy."  *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 314 F.R.D. 397, 402 (E.D. La. 2016).

### 2. Plaintiffs Waived Work Product Protection by Putting Attorney Conduct at Issue in Opposing Defendants' Motion for Leave.

Even accepting for the sake of argument that the information sought in the subpoena to SDS is work product, Plaintiffs waived that protection due to arguments they made to the Court. Defendants' motions (Dkt. 659, 660) detailed how Plaintiffs produced for the first time in July 2018 a series of emails and documents that directly contradict their representations at the *Tinnus II* trial that LTD made sales to Walmart on its own behalf and should recover lost profits. Plaintiffs' Opposition to Defendant's Motion for Leave repeatedly asserted that these documents

were not improperly withheld, that Plaintiffs' counsel complied with all discovery obligations, and that Plaintiffs' counsel did not believe Defendants' discovery requests included the emails and documents that were withheld until the *Tinnus IV* case. Plaintiffs' counsel also asserted that they did not believe that Plaintiffs had an obligation to disclose those documents in *Tinnus II*. Dkt. 666 at 15 ("Despite Telebrands' broad requests, Plaintiffs searched for and produced over one thousand pages of responsive financial documents."); *id.* at 11 ("Plaintiffs produced in this case all relevant, responsive, non-privileged emails that were captured by Telebrands' search terms for the identified email custodians."); *id.* at 14 ("Plaintiffs never understood Telebrands' vague requests to include 'corporate minutes.'").

Plaintiffs chose to respond to Defendants' motion with a series of assertions about their counsel's compliance with discovery obligations, their counsel's search for responsive documents, and their counsel's understanding of Defendants' discovery requests. A party should not be permitted to make such assertions and simultaneously assert that this "work product" is not subject to discovery. *Seneca Ins. Co., Inc. v. Western Claims, Inc.*, 774 F.3d 1272, 1278 (10th Cir. 2014) (finding that the plaintiff "waived work-product protection by putting the correspondence at issue" and explaining that "[l]ike the attorney-client privilege, a litigant cannot use the work product doctrine as both a sword and shield"). Indeed, "[a] claim of work product immunity is lost when the attorney discloses the information to the court voluntarily." *Fox v. Taylor Diving & Salvage Co.,* 694 F.2d 1349, 1356 (5th Cir. 1983). Because SDS's ability to claim work product protection stems only from its position as an agent of Plaintiffs' attorneys, Plaintiffs' counsel's waiver applies equally to SDS. *See Greater New Orleans Fair Hous. Action Ctr., Inc. v. Dorian Apts., LLC,* No. 15-6406, 2016 WL 6157534, at *8 (E.D. La. Oct. 24, 2016) (explaining that an attorney's agent's

words and actions are protected from disclosure only "[t]o the extent that the communications would have been protected had they been with the attorney").

Compounding the need for discovery into the circumstances surrounding Plaintiffs' production of documents is the fact that Plaintiffs' Opposition to Defendants' Motion for Leave (Dkt. 666) did not include any sort of sworn declaration from Plaintiffs' counsel to substantiate its assertions.  Plaintiffs have therefore not only put their counsel's work product at issue, but have done so via nothing but unsworn assertions that do not even carry the assurance of veracity that comes with a declaration signed under penalty of perjury.

### 3. The Crime-Fraud Exception.

As noted in other briefing, and we do not make this argument lightly, to protect the integrity of the judicial process, the Fifth Circuit also allows discovery of counsel or activities in conjunction with counsel when the subject matter is serious enough to implicate the crime-fraud exception to the privilege.  "Under the crime-fraud exception to the attorney client privilege, the privilege can be overcome where communication or work product is intended to further continuing or future criminal or fraudulent activity."  *In re Grand Jury Subpoena*, 419 F.3d 329, 335 (5th Cir. 2005) (internal quotation marks omitted).  This applies to the work product privilege as well.  *Id*.  The exception is not limited to common-law torts or fraud; courts have applied it "where a party's actions in discovery are found to be calculated and purposeful litigation misconduct."  *Abbott Labs. V. H&H Wholesale Servs. Inc.*, No. 17 CV 3095 (CBA)(LB), 2018 WL 2459271, *5 (E.D.N.Y. Mar. 9, 2018).

Although the material is not privileged or work product, to the extent the Court is concerned, Defendants are willing to have the requested material reviewed *in camera*.  The Supreme Court has explained that a party need only establish "a reasonable belief that *in camera* review may yield evidence" establishing the applicability of the crime-fraud exception for the court

to order production of allegedly privileged material. *U.S. v. Zolin*, 491 U.S. 554, 574 (1989). In *Zolin*, the Supreme Court specifically rejected the argument that independent evidence of a crime or other fraud is required before a court can order review of the evidence in question and explained that the party seeking production only needs to meet the significantly lower "reasonable belief" standard. *Id.* at 574-75.

There is sufficient evidence here. Plaintiffs repeatedly asserted at trial that LTD made sales on its own behalf. Ms. Mowbray testified that LTD's ██████████████████ ████████████████████████████████████████ Dkt. 557 at 21:19-21, 24:11-14. Plaintiffs' damages expert similarly testified that ████████████████ ████████████████████████████ Dkt. 560 at 14:1-3. But the withheld documents state the exact opposite. For instance, Mr. Pellone wrote how ████████████ ████████████████████████████████ *Tinnus IV* at Dkt. 398-5, and that ████████████████████████████████████████ ████████ *id.* at Dkt. 398-3. ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████ *Id.* at Dkt. 398-7. LTD's representations that ████████████████, Ex. E at 102:16-20, cannot be squared with Plaintiffs' representations to this Court. The arguments here and ████████████ cannot both be true.

In sum, the requested discovery from Plaintiffs' e-discovery vendor will shed light on whether Plaintiffs' counsel withheld documents from production in the course of maintaining contradictory positions ████████████████████

**B.      The Court Should Compel Production of ██████████ Documents**

Plaintiffs also refuse to produce additional documents relating to the heart of the lost profits issue. Defendants' Request No. 6 seeks ██████████ ██████████ ██████████ ██████████. Ex. A. Mr. Pellone stated in deposition that ██████████ ████ Ex. E at 25:13-24; 145:5-19. Mr. Pellone also explained how ██████████ ██████████ ████ However, Plaintiffs' counsel has stated that ██████████ ██████████ Ex. C.

Plaintiffs' argument about ██████████ is insufficient to avoid production of these materials, which could contain additional admissions regarding INC's sales and LTD's status as ██████████ Mr. Pellone's deposition testimony that ██████████ ██████████. Even if counsel is correct, regardless of which entity specifically retained ████ work for INC regarding ██████████ ██████████ is directly relevant to the issues to be resolved during this reopened discovery. During trial, the parties' dispute regarding lost profits rested on whether ██████████ The withheld documents explain that ██████████ ██████████ *Tinnus IV* at Dkt. 398-3. The ██████████ ██████████ the withheld documents also explain that ██████████

███████████████████████████████████████████████████████████

███ *Id.* at Dkt. 398-7.  Defendants suspect that ██████████ in on these exact issues.  If

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████████████████████████████ and whether claims based on such an assertion may stand.

█████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████████████████████████████ is without merit.  The analyses provided by ████████████

██████████████████████████ are relevant to the issues to be resolved during this period of

reopened discovery.  Plaintiffs' objection to producing this material should be overruled and the

documents produced forthwith.

**C.     The Court Should Compel Plaintiffs to Produce Relevant Documents within Defendants' Requested Time Period**

In an attempt to artificially cabin what documents Plaintiffs must produce, Plaintiffs

objected to many of Defendants' document requests as ████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ Ex B; Ex. F.  Under

Local Rule CV-26(d), information is relevant if "it includes information that would not support

the disclosing parties' contentions; . . . it is information that deserves to be considered in the

preparation, evaluation, or trial of a claim or defense."  Defendants' document requests seek

information regarding whether██████████████████████████████████████

████████████—exactly the issues presented by Plaintiffs' damages contentions at trial.  Documents

speaking to these issues would not become irrelevant just because they were created after

November 21, 2017.  It would not be appropriate to try to shield important documents from

- 13 -

Defendants or the Court by imposing the trial date as an artificial time restriction. Candid statements that ███████████████████████████████████ made after trial are perhaps even more relevant. Plaintiffs' objection should be overruled and documents produced as requested.

### D. The Court Should Extend the Reopened Discovery Period Because of the Need for Additional Time in Light of Discovery Disputes and Plaintiffs' Failure to Provide Meaningful Discovery to Date

After the Court reopened discovery for 60 days, Plaintiffs are hoping to run out the clock. Defendants served document and ESI requests on Plaintiffs on October 31, but Defendants did not receive any production until November 26. And even then, this production consisted ███████ ████████████████████████████████████████████████████ ████████████████████████████ Birnholz Dec. at ¶ 2. In correspondence and on meet and confer calls, Plaintiffs stated that they would produce a█████████████████████████████ ████████████████████████████████████ "by the close of business on November 30 (Hong Kong time)." Ex. C. To date, neither those documents nor any others have been produced.

Completing discovery in the time allotted also has been slowed as a result of objections and motion practice. Plaintiffs moved for a protective order against the request for a deposition of LTD's in-house counsel regarding actions taken in discovery and moved to quash subpoenas served on the Plaintiffs' law firm. Dkt. 674. Plaintiffs did not move to quash the subpoena served on SDS but instead objected to it in its entirety. After agreeing on November 29 to "circle back" as to whether SDS would stand on its objections, on December 4, 2018 confirmed that SDS would provide no information at all (Ex. C), necessitating this motion to compel.

Defendants also noticed the deposition of Nicholas Mowbray for November 27. On November 26, Plaintiffs informed Defendants that Mr. Mowbray ███████████████ would be unavailable for a deposition that week. Ex. G. Plaintiffs subsequently informed Defendants

that Mr. Mowbray would not be available for a deposition until no earlier than December 16 (in New Zealand). Ex. C. A deposition on December 16 would be just eight days before the end of the current sixty day period and about two weeks before Defendants must re-file their supplemental post-trial motion. This leaves Defendants insufficient time to seek any further discovery that may be necessary following Mr. Mowbray's deposition and to prepare additional briefing.

Based on Plaintiffs' failure to make a meaningful production to date, the still-pending motion to quash, Plaintiffs' refusal to comply with the SDS subpoena, Plaintiffs' refusal to produce documents outside of an improper time limitation, Plaintiffs' inability to produce Mr. Mowbray for deposition until after December 16, and this pending motion to compel, Defendants respectfully request that the Court extend the sixty-day period. Because of the pending issues, Defendants request that the Court extend the deadline until thirty days after Plaintiffs' have completed their production. This extension is not made for purposes of delay and allows the Court time to resolve pending motions and the parties' time to conduct the additional discovery.

## IV.    CONCLUSION

The Court and the Defendants are entitled to find out additional information in the Zuru parties' possession, custody, or control regarding the lost profits issues and the conduct of Plaintiffs' and their counsel that resulted in a situation where key documents were not produced before trial and only produced to Defendants nine months later. Defendants therefore respectfully request that the Court grant this motion to compel and extend the period of reopened discovery.

Respectfully submitted,

Dated: December 7, 2018

By:    /s/ *Gregory Love*

Gregory Love
Texas Bar No. 24013060
greg@lovetrialfirm.com
107 E. Main Street
Henderson, TX 75652
Tel: (903) 212-4444

Lance Lee
Texas Bar No. 24004762
wlancelee@gmail.com
5511 Plaza Drive
Texarkana, TX 75503
Tel: (903) 223-0276

Morgan Chu
mchu@irell.com
Richard Birnholz
rbirnholz@irell.com
Grace Chuchla
gchuchla@irell.com
Molly Russell
mrussell@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Tel: 310-203-7000

Robert T. Maldonado
Rmaldonado@cooperdunham.com
Laura A. Alos
lalos@cooperdunham.com
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: 212-278-0400

*Attorneys for all Defendants*

*Attorneys for Defendant Telebrands Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on December 7, 2018.

*/s/____Gregory Love_____*
Gregory Love

## CERTIFICATE OF CONFERENCE

On November 28, 2018, lead and local counsel for the parties met and conferred telephonically regarding reopened discovery. The parties then continued their discussions in follow-up correspondence.  The parties were unable to resolve the discovery issues addressed in the motion.  Plaintiffs remain opposed to the relief requested in Defendants' Motion to Compel and Extend Reopened Discovery.

*/s/ ___Gregory Love_____*
Gregory Love

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal by the Protective Order in this case.

*/s/____Gregory Love_____*
Gregory Love